UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 07-04486 SBA<br><br>**[PROPOSED] ORDER** |

### Background

Plaintiffs Zoltan and Ynez Stiener have filed the present putative class-action complaint against defendants AT&T Mobility, LLC ("ATTM") and Apple Computer, Inc. alleging that defendants violated California consumer protection statutes and a variety of common-law doctrines by "failing to inform * * * initial purchasers of the iPhone cellular telephone that fees * * * would be required to replace the iPhone battery and maintain service while the battery was being replaced." Compl. ¶ 1.

Defendant ATTM has filed an administrative motion to stay its pretrial obligations under this Court's Order Setting Initial Case Management Conference and ADR Deadlines ("Initial Scheduling Order") pending resolution of its pending motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

### Legal Standard

It is well established that "[t]he district court has discretion to control the course of proceedings before it." *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990). "Rule 6(b)

commits to the district court's discretion the decision to enlarge the time in which a party must perform an act required or allowed by the Federal Rules of Civil Procedure." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996). Similarly, the Court has "wide discretion" in controlling the scope, extent, and timing of discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court's "inherent, discretionary power to control its proceedings should promote economy of time and effort for itself, for counsel, and for litigants." *Roderick v. Mazzetti & Assocs., Inc.*, 2004 WL 2554453, at *3 (N.D. Cal. Nov. 9, 2004).

### Analysis

Defendant ATTM has asked the Court to stay its pretrial obligations outlined in the Court's Initial Scheduling Order pending resolution of its motion to compel arbitration. According to ATTM, judicial economy and the underlying purposes of the Federal Arbitration Act, 9 U.S.C. §§ 1–16, would be furthered by the stay because the pretrial obligations largely would be mooted if this Court were to grant ATTM's motion to compel arbitration.

ATTM's request for a stay is well taken. Courts routinely stay pre-trial obligations, including merits discovery, when a motion to compel arbitration is pending before the court. *See, e.g., Coneff v. AT&T Corp.*, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006); *Ross v. Bank of Am.*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004).

As Judge Chesney of this Court has recognized, if a party is required to proceed with pre-trial obligations, including discovery, while the enforceability of its arbitration provision is still being litigated, "'the advantages of arbitration—speed and economy—are lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless*, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). It "does not make sense for this Court to expend its time and energy preparing this case for trial * * * only to learn at a later date * * * that it was not the

proper forum to hear the case." *Winig*, 2006 WL 3201047, at *2 (internal quotation marks omitted).

For these reasons, the Court holds that ATTM's pretrial obligations under the Court's Initial Scheduling Order should be stayed while the Court considers ATTM's motion to compel arbitration.

## Conclusion

The Court, having reviewed the submissions and briefing of the parties, and good cause appearing therefore,

IT IS HEREBY ORDERED that AT&T Mobility, LLC's Motion To Stay Its Obligations Under The Court's Initial Scheduling Order Pending Resolution Of Its Motion To Compel Arbitration is GRANTED.

It is further ORDERED that AT&T Mobility, LLC's pretrial obligations under the Court's Initial Scheduling Order are stayed until this Court rules on its motion to compel arbitration.

IT IS SO ORDERED.

Dated: _____

_____
Honorable Saundra B. Armstrong
United States District Judge