Stiener et al v. Apple, Inc. et al
Doc. 33
Case 4:07-cv-04486-SBA    Document 33    Filed 11/08/2007    Page 1 of 5

DONALD M. FALK (State Bar No. 150256)
  dfalk@mayerbrown.com
RENA CHNG (State Bar No. 209665)
  rchng@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
    - and -
VICTORIA R. COLLADO (*pro hac vice*)
  vcollado@mayerbrown.com
SARAH E. REYNOLDS (*pro hac vice*)
  sreynolds@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Telephone: (312) 701-0700
Facsimile: (312) 701-7711

Attorneys for Defendant
AT&T MOBILITY LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE COMPUTER, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: C 07-04486 SBA<br><br>**DEFENDANT AT&T MOBILITY LLC'S ADMINISTRATIVE MOTION TO STAY ITS OBLIGATIONS UNDER THE COURT'S INITIAL SCHEDULING ORDER PENDING RESOLUTION OF ITS SOON-TO-BE-FILED MOTION TO COMPEL ARBITRATION**<br><br>**[PURSUANT TO CIV. L.R. 7-11]**<br><br>Judge:  Honorable Saundra B. Armstrong |

ATTM'S ADMINISTRATIVE MOTION TO STAY ITS OBLIGATIONS UNDER
INITIAL SCHEDULING ORDER PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION
CASE NO. C 07-04486 SBA

Dockets.Justia.com

Pursuant to Civil Local Rule 7-11 and the Court's instructions, Defendant AT&T Mobility LLC ("ATTM") hereby moves this Court to stay ATTM's obligations under this Court's Order Setting Initial Case Management Conference and ADR Deadlines ("Initial Scheduling Order") pending resolution of ATTM's soon-to-be-filed motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

ATTM seeks an Order staying ATTM's obligations under this Court's Initial Scheduling Order pending resolution of ATTM's soon-to-be-filed motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

In support of this motion, ATTM submits the Declaration of Victoria R. Collado ("Collado Dec.") and a [Proposed] Order concurrently herewith, and states as follows:

1.    On August 29, 2007, plaintiffs Zoltan and Ynez Stiener filed the present putative class-action complaint against ATTM and Apple Computer, Inc. ("Apple"), alleging that defendants violated California consumer protection statutes and a variety of common-law doctrines by "failing to inform * * * initial purchasers of the iPhone cellular telephone that fees * * * would be required to replace the iPhone battery and maintain service while the battery was being replaced." Compl. ¶ 1.

2.    The Court's Initial Scheduling Order directs the parties to meet and confer about discovery and ADR process selection, and to file a Joint ADR Certification by November 14, 2007. It also directs the parties to file their 26(f) report, initial disclosures, and Case Management Statement by November 28, 2007, and sets the Initial Case Management Conference for December 5, 2007.

3.    On or before November 23, 2007, the date on which ATTM's response to the complaint is due, ATTM will file a motion to compel arbitration. As that motion will explain, when plaintiffs activated their iPhones for use with ATTM's wireless service, they agreed to resolve their disputes with ATTM on an individual basis in arbitration or in small claims court. ATTM's arbitration provision provides unprecedented incentives for consumers and their attorneys (if any) to pursue their disputes on an individual basis in arbitration. *See* Collado Dec.

Ex. 1, at 12–15 (arbitration provision contained in ATTM's terms of service).

4.     Under the ordinary schedule for the briefing and hearing of motions, it is unlikely that this Court will resolve the motion to compel arbitration before any of the deadlines set by the Initial Scheduling Order. *See* ¶ 2, *supra*. Thus, without a stay, ATTM would be required to (i) meet and confer with plaintiffs regarding discovery; (ii) file a Joint ADR Certification; (iii) file a 26(f) report; (iv) make the initial disclosures required by Fed. R. Civ. P. 26(a)(1); and (v) file a Joint Case Management Statement and participate in a Case Management Conference—all before the motion to compel arbitration is likely to be resolved.

5.     Consistent with the purposes of the Federal Arbitration Act ("FAA"), the Court should stay ATTM's obligations to comply with the requirements of the Court's Initial Scheduling Order pending resolution of ATTM's motion to compel arbitration.  Courts routinely stay pre-trial obligations, including merits discovery, when a motion to compel arbitration is pending before the court.  Indeed, Judge Kennelly of the Northern District of Illinois recently granted ATTM a stay of its pre-trial obligations pending resolution of ATTM's motion to compel arbitration under precisely the same circumstances as are involved here. *See Trujillo v. Apple Computer*, No. 1:07-cv-04946 (N.D. Ill. Oct. 20, 2007) (attached to Collado Dec. as Exhibit 2). *See also, e.g.*, *Coneff v. AT&T Corp.*, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am.*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As in the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court.").

6.      As the Ninth Circuit has pointed out, "[t]he FAA provides for discovery * * * in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999); *accord, e.g., Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976) ("In a proceeding to compel arbitration, no discovery into the underlying grievance is ordinarily permitted."). Permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved ***puts the cart before the horse***" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (emphasis added). Accordingly, "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (internal quotation marks omitted).

7.      Furthermore, as Judge Chesney of this Court has recognized, if ATTM is required to proceed with pre-trial obligations, including discovery, while the enforceability of its arbitration provision is still being litigated, "'the advantages of arbitration—speed and economy—are lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless*, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Such an approach would subject ATTM "to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649–50 (11th Cir. 1988) (Tjoflat, J., concurring).

8.      The same considerations dictate staying ATTM's obligations under the Court's Initial Scheduling Order. The requirements contained in the Court's Scheduling Order would be mooted if this Court were to grant the motion to compel arbitration. It simply "does not make sense for this Court to expend its time and energy preparing this case for trial * * * only to learn at a later date * * * that it was not the proper forum to hear the case." *Winig*, 2006 WL 3201047, at *2 (internal quotation marks omitted).

-3-

9.      Moreover, there is no reason to think that plaintiffs would be unduly prejudiced by the requested stay. This case is unlike *Jones v. Deutsche Bank, AG*, 2007 WL 951811 (N.D. Cal. Mar. 28, 2007), in which Magistrate Judge Seeborg declined to enter a stay because Deutsche Bank had moved to compel arbitration "comparatively late in [the] litigation process, and long after the parties (and the Court) ha[d] expended considerable resources in discovery and other proceedings." *Id.* at *1. By contrast, when, as here, a party "claim[s] a right to arbitrate" at the outset of a litigation, it can "persuasively argue that it should not be exposed to the risk that it will have unnecessarily *begun* discovery should arbitration subsequently be compelled." *Id.* (emphasis in original).

10.     In sum, granting the requested stay in this case will promote judicial economy and avoid the potentially irreparable harm ATTM would suffer if it were required to comply with the Court's Initial Scheduling Order before resolution of ATTM's motion to compel arbitration.

Accordingly, ATTM respectfully moves this Court to stay ATTM's obligations under the Court's Initial Scheduling Order until ATTM's motion to compel arbitration—which will be filed on or before November 23, 2007—is resolved.

DATED:  November 8, 2007             MAYER BROWN LLP


                                     By:  /s/ Donald M. Falk
                                          Donald M. Falk

                                     *Attorneys for Defendant AT&T MOBILITY LLC*

*Filer's Attestation:  Pursuant to General Order No. 45, I, Rena Chng, attest that I obtained concurrence in the filing of this document from the signatory.*