# FOLKENFLIK & McGERITY

**ATTORNEYS AT LAW**

**1500 BROADWAY**
**NEW YORK, NEW YORK 10036**

TELEPHONE: 212-757-0400
FAX: 212-757-2010

WRITER'S E-MAIL: MFOLKENFLIK@FMLAW.NET

October 18, 2007

<u>**Via E-mail**</u>

Victoria R. Collado, Esq.
Mayer Brown
71 S. Wacker Drive
Chicago, IL  60606

    Re<u>:</u> <u>*Zoltan Stiener and Ynez Stiener, et al., v.*</u>
      <u>*Apple, Inc. and AT&T Mobility, et al.;*</u> **Case No:  C 07-04486**

Dear Victoria:

  You requested my consent to adjourn the various discovery obligations under the federal rules and the December 5th initial conference date until the Court has decided your motion to dismiss and compel arbitration that you intend to make shortly.  As I informed you on the telephone, I unfortunately have to decline that request.

  You advised me that the basis of the motion is the AT&T arbitration clause contained in its services agreement.  My understanding is that the services agreement which contains the arbitration clause is one which comes up during the "activation" of the iPhone.  It contains an arbitration clause with class action waiver which states:

**DISPUTE RESOLUTION BY BINDING ARBITRATION**

**Please read this carefully.  It affects your rights.**

**Summary:**  Most customer concerns can be resolved quickly and to the customer's satisfaction by calling our customer service department at 800-331-0500.  **In the unlikely event that AT&T's customer service department is unable to resolve a complaint you may have to your satisfaction (or if AT&T has not been able to resolve a dispute it has with you after attempting to do so informally), we each agree to resolve those disputes through binding arbitration or small claims court instead of in courts of general jurisdiction**.  Arbitration is more informal than a lawsuit in court.  Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very

FOLKENFLIK & McGERITY

Victoria R. Collado, Esq.
Mayer Brown
October 18, 2007
Page 2

limited review by courts. Arbitrators can award the same damages and relief that a court can award. **Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted**.

**ARBITRATION AGREEMENT**

(1) AT&T and you agree to arbitrate **all disputes and claims** between us. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to:

> claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory;
>
> claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising);
>
> claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and
>
> claims that may arise after the termination of this Agreement.

References to "AT&T," "you," and "us" include our respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors, and assigns, as well as all authorized or unauthorized users or beneficiaries of services or equipment under this or prior Agreements between us. Notwithstanding the foregoing, either party may bring an individual action in small claims court. **You agree that, by entering into this Agreement, you and AT&T are each waiving the right to a trial by jury or to participate in a class action**. This Agreement evidences a transaction in interstate commerce, and thus the Federal Arbitration Act governs the interpretation and enforcement of this provision. This arbitration provision shall survive termination of this Agreement.

The agreement also states:

**MISCELLANEOUS**

This Agreement, the signature or rate summary sheet, the terms included in the rate brochure(s) describing your plan and services, terms of service for

FOLKENFLIK & McGERITY

Victoria R. Collado, Esq.
Mayer Brown
October 18, 2007
Page 3

> products and services not otherwise described herein that are posted on applicable AT&T web sites, and any documents expressly referred to herein or therein, make up the complete agreement between you and AT&T, and supersede any and all prior agreements and understandings relating to the subject matter of this Agreement. If any provision of this Agreement is found to be unenforceable by a court or agency of competent jurisdiction, the remaining provisions will remain in full force and effect. The foregoing does not apply to the prohibition against class or representative actions that is part of the arbitration clause; if that prohibition is found to be unenforceable, the arbitration clause (but only the arbitration clause) shall be null and void. AT&T may assign this Agreement, but you may not assign this Agreement without our prior written consent. The law of the state of your billing address shall govern this Agreement except to the extent that such law is preempted by or inconsistent with applicable federal law.

Please let me know if I have the incorrect agreement.

Assuming I do not, the clause substantially in that form was declared unconscionable and unenforceable by the 9th Circuit on a number of occasions, see, e.g., Ting v. AT&T, 319 F.3d 1126, 1150 (9th Cir. 2003) (under California law the AT&T arbitration clause with class action waiver is unconscionable and unenforceable.); Lozano v. AT&T Wireless Servs., 2007 U.S. App. LEXIS 22430, 7-8 (9th Cir. 2007) ( reaffirming the ruling in Ting v. AT&T); See also, Discover Bank v. Superior Court, 36 Cal. 4th 148, 162 (2005) (class action waiver unconscionable and unenforceable in a consumer contract of adhesion where potential claims predictably involve small amounts of damages). Similar language in your client's prior arbitration clause under its prior name has also recently been held unconscionable and unenforceable under other state law similar to California law. See Scott v. Cingular Wireless, 160 Wn.2d 843, 855 (Wash. 2007).

Given the state of the law, I asked you in our conversation why you believed that a motion to compel arbitration was not frivolous. You assured me you and your firm are satisfied that you have met your obligations under Rule 11. I would certainly not anticipate that either you or your firm would act with the intention to violate that rule. Yet, I still did not receive a response to my inquiry. My review of the cases and the contractual language indicates that there is no ready escape from binding precedent.

Since your stated need for an adjournment is to allow you time to make, and have the Court decide, a motion which I consider to be frivolous, I do not think it is appropriate to delay proceeding in the case.

FOLKENFLIK & McGERITY

Victoria R. Collado, Esq.
Mayer Brown
October 18, 2007
Page 4

    I understand you will be moving the Court to obtain the delay you are seeking. I agree to adjourn all of our discovery and conference obligations until the Court has had an opportunity to rule on that motion.

    As I informed you, I would appreciate scheduling the hearing on that motion on November 14th if that is possible because that will coincide with another hearing which I will be traveling to San Francisco to attend.

                                      Sincerely,

                                      Max Folkenflik (br)

MF/br