1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ZOLTAN STIENER and YNEZ STIENER,

        Plaintiffs,

  v.

APPLE COMPUTER, INC., AT&T MOBILITY,
LLC, and DOES 1 through 50, inclusive,

        Defendants.

Case No.: C 07-04486 SBA

**[PROPOSED] ORDER**

### Findings of Fact

In June 2007, plaintiffs Zoltan and Ynez Stiener purchased two iPhones.  To use their iPhones with defendant AT&T Mobility LLC's ("ATTM") wireless service, the Stieners were required to activate them online.  As part of the activation process, plaintiffs were required to click on a box next to the statement "I have read and agree to the AT&T Service Agreement." The text of the service agreement, including its terms of service, was displayed in a text box immediately above the statement that the Stieners were required to check.  The first sentence advised the Stieners that, by checking the box next to the acknowledgment below, they would be "bound" to "the Terms of Service, including the binding arbitration clause."

The Terms of Service that are part of the service agreement between the Stieners and ATTM were also available on ATTM's web site and in the store in which plaintiffs bought their iPhones.  In addition, ATTM mailed the Stieners the applicable Terms of Service booklet when they activated their iPhones.  The Terms of Service contain an arbitration provision that states that "[ATTM] and you agree to arbitrate **all** disputes and claims between us" or to pursue such disputes in small claims court.  The provision specifies that arbitration must be conducted on an individual rather than class-wide basis.

Dockets.Justia.com

In August 2007, the Stieners filed this putative class action against Apple Computer, Inc. ("Apple") and ATTM.  They allege that, in marketing the iPhone, Apple and ATTM failed to disclose adequately the details of the iPhone battery-replacement program, thus violating California's Unfair Competition Law, Cal Bus. & Prof. Code § 17200 *et seq*. (Compl. ¶¶ 58–59) and breaching an implied warranty of merchantability (Cal. Comm. Code § 2314) (Compl. ¶¶ 49–52).  Plaintiffs also raise a variety of common-law claims, including breach of contract (Compl. ¶¶ 45–48) and fraudulent concealment (Compl. ¶¶ 53–57), and request an accounting (Compl. ¶¶ 60–62).  They seek to represent a class consisting of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action bought and implemented the iPhone and sustained damages as a result."  Compl. ¶ 32.

Defendant ATTM has filed a motion to compel arbitration and dismiss the claims against it pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.  For the following reasons, the Court grants defendant's motion.

### Legal Standard

The FAA provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Congress enacted the FAA to "reverse the longstanding judicial hostility to arbitration agreements[,] * * * to place [these] agreements on the same footing as other contracts[,] * * * [and to] manifest a liberal federal policy favoring arbitration agreements." *Equal Employment Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (internal quotation marks omitted)).  As the Supreme Court has explained, "questions of arbitrability must be addressed with a healthy regard for [this] federal policy favoring arbitrations." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

An arbitration agreement must meet two basic conditions for the FAA to apply:  (1) the

agreement must be "written"; and (2) it must be in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met in this case. ATTM's arbitration provision is in writing. Furthermore, plaintiffs' agreement involves commerce, as "[i]t is well-established that telephones, even when used intrastate, are instrumentalities of interstate commerce." *United States v. Corum*, 362 F.3d 489, 493 (8th Cir. 2004).

Because this arbitration provision is governed by the FAA and the plaintiffs' claims fall within the scope of that provision, the Court must compel arbitration unless the arbitration provision is unenforceable under generally applicable state contract law. *See* 9 U.S.C. § 4. As explained below, the provision is fully enforceable under California law.

**Analysis**

Under California law, a party opposing enforcement of a contractual provision on grounds of unconscionability must prove procedural ***and*** substantive unconscionability. *See, e.g.*, *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000). Procedural unconscionability involves "oppression" or "surprise" in the making of the agreement (*id.* (internal quotation marks omitted)), while substantive unconscionability focuses on whether the contractual term in question is so "overly harsh" or "one-sided" (*id.*) as to "shock the conscience." *Belton v. Comcast Cable Holdings*, 60 Cal. Rptr. 3d 631, 649–50 (Ct. App. 2007).

California courts employ a "sliding scale" in performing the unconscionability inquiry: "the more substantively oppressive the contract term, the less evidence of procedural uncon-scionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 6 P.3d at 690 (quotation marks omitted). In other words, if "the procedural unconscionability, although extant, [is] not great," the party attacking the term must prove "a greater degree of substantive unfairness." *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 107 Cal. Rptr. 2d 645, 656–57 (Ct. App. 2001). Under California's sliding-scale approach, ATTM's arbitration provision is fully enforceable.

In *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007), the Ninth Circuit held that "a contract may be procedurally unconscionable under California law when the party with substantially greater bargaining power presents a 'take-it-or-leave-it' contract to a customer—even if the customer has a meaningful choice as to service providers." *Id.* at 985 (internal quotation marks omitted). As the California Court of Appeal has held, however, the non-negotiable nature of an agreement suffices only to establish "a minimal degree of procedural unconscionability." *Gatton v. T-Mobile USA, Inc.*, 61 Cal. Rptr. 3d 344, 356 (Ct. App. 2007). Accordingly, under California's sliding-scale approach plaintiffs must "make a strong showing of substantive unconscionability to render [their] arbitration provision unenforceable." *Gatton*, 61 Cal. Rptr. 3d at 356.

In *Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005), the California Supreme Court held that a class-arbitration prohibition in a credit-card issuer's arbitration provision was substantively unconscionable because it effectively "insulate[d]" the company from liability for the $29 claims at issue in that case. *Id.* at 1109. The court did not hold "that all class action waivers are necessarily unconscionable." *Id.* at 1110. According to the court, whether a class-action prohibition is substantively unconscionable turns on whether the plaintiff may feasibly vindicate "small" claims without using the class-action mechanism and, conversely, whether the prohibition threatens to insulate the company from liability for cheating its customers. *Id.*

Applying *Discover Bank*, the Ninth Circuit recently held that the class-arbitration prohibition in an earlier version of ATTM's arbitration provision was substantively unconscionable. *Shroyer*, 498 F.3d at 986–87. The arbitration provision at issue there specified that ATTM (then known as Cingular Wireless) would pay the full cost of arbitration and, in addition, would pay the plaintiff's attorneys' fees if the arbitrator awarded the plaintiff the amount of his or her demand or more. *Id.* at 986. The Ninth Circuit found ATTM's "attempt to distinguish *Discover Bank* based on the availability of attorneys' fees and arbitration costs [to be]

-4-

without merit." *Id.*  According to the Ninth Circuit, "the [California Supreme Court] was concerned that when the potential for individual *gain* is small, very few plaintiffs, if any will pursue individual arbitration or litigation, which greatly reduces the aggregate liability a company faces when it has exacted small sums from millions of consumers.  It did not suggest that a [class action] waiver is unconscionable only when or because a plaintiff in arbitration may experience a net loss (including attorneys' fees and costs)." *Id.* (emphasis in original; citation omitted).

Applying *Discover Bank* and *Shroyer*, the Court concludes that the class-arbitration prohibition in ATTM's revised arbitration provision is not substantively unconscionable under California law.  ATTM has built the necessary "individual gain" into its arbitration provision by providing that any California customer who obtains an arbitral award in excess of ATTM's last settlement offer will receive a minimum of $7,500, while his or her counsel will receive double attorneys' fees.  As Professor Richard A. Nagareda, a law professor who specializes in dispute resolution whom ATTM retained to evaluate the fairness of its arbitration provision, points out, "[i]n providing for statutory damages to facilitate individual claims under a variety of statutes, legislatures routinely have selected dollar amounts considerably less * * * than those described in Paragraph 4 of the 2006 Clause."  Nagareda Declaration In Support of ATTM's Motion ¶ 14 (citing 47 U.S.C. §§ 227(b)(3)(B) and 551(f)(2)(A)).  In light of the opportunities for "individual gain" built into ATTM's arbitration provision, the concerns that led the California Supreme Court and the Ninth Circuit to invalidate the class-arbitration prohibitions in *Discover Bank* and *Shroyer* are inapplicable here.  Because ATTM's arbitration provision does not operate as an exculpatory clause, it does not rise sufficiently high on the spectrum of substantive unconscionability as to warrant refusing to enforce it.

The Court notes that plaintiffs' claim that ATTM's arbitration provision is unenforceable under California law is also preempted by the FAA.  Although the FAA permits courts to refuse to enforce arbitration agreements based on *generally applicable* state-law principles (*see* 9

-5-

U.S.C. § 2), "state courts are not permitted to employ those general doctrines in ways that subject arbitration clauses to special scrutiny" (*Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 167 (5th Cir. 2004)).  Simply put, it would require a marked departure from those generally applicable principles to invalidate ATTM's arbitration provision, which ensures that customers have a realistic opportunity to obtain redress for small claims on an individual basis. For this additional reason, plaintiffs' agreement to resolve disputes with ATTM on an individual basis must be enforced.

### Conclusion

The Court, having reviewed the submissions and briefing of the parties, oral arguments of counsel, and good cause appearing therefore, IT IS HEREBY ORDERED that AT&T Mobility LLC's Motion To Compel and Dismiss Claims is **GRANTED**.  Plaintiffs must resolve their disputes with ATTM through individual arbitration or in small claims court.  Accordingly, plaintiffs' claims against ATTM are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Saundra B. Armstrong
United States District Judge