```
H. TIM HOFFMAN (049141)
ARTHUR W. LAZEAR (083603)
MORGAN M. MACK (212659)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612

MAX FOLKENFLIK, ESQ.
MARGARET McGERITY, ESQ.
FOLKENFLIK & MCGERITY
1500 Broadway, 21st Floor
New York, NY 10036
Telephone:  (212) 757-0400
Facsimile:  (212) 757-2010

Attorneys for Plaintiffs
Zoltan Stiener and Ynez Stiener
```

ORIGINAL FILED
AUG 29 2007

E-filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

C07-04486 SBA  ADR

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>[JURY TRIAL DEMANDED] |

## INTRODUCTION

1. This action arises out of Defendants' pattern and practice of failing to inform a nationwide group of initial purchasers of the iPhone cellular telephone that fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced. Plaintiffs seek the following for themselves and others similarly situated: an award of actual, compensatory and punitive damages; attorneys fees and costs; equitable relief; and other forms of relief available under California and federal law.

Complaint

-1-

2. Defendant's actions are in violation of California Business and Professions Code §§ 17200 et seq., and various sections of similar consumer protection statutes in the other states and territories of the Untied States. Defendant's actions also breach explicit and implied contracts between Defendant and Plaintiffs as well as explicit and implied contracts between Defendant and members of the purported class.

## PARTIES

3. Plaintiffs ZOLTAN STIENER and YNEZ STIENER are individuals residing in the State of California.

4. Plaintiffs are informed and believe and thereon allege that Defendant APPLE, INC. (hereinafter "Apple") is a consumer electronics and software company doing business in this judicial district, elsewhere in California and the United States. Plaintiffs are informed and believe and thereon allege that Defendant AT&T MOBILITY, LLC (hereinafter "AT&T") is a telecommunications company doing business in this judicial district, elsewhere in California and the United States.

5. The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and includes any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiffs individually and as representatives of the class and any subclass herein described, as well as each member of such class and any subclass.

6. The term "defendant(s)" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7. Plaintiffs are informed and believe and thereon allege that Defendant Apple sells consumer electronics, including products throughout California and the United States. Plaintiffs are informed and believe and thereon allege that Defendant AT&T provides cellular telecommunication services, including services sold and used throughout California and the United States. Defendants

sold the iPhone cellular telephone without disclosing that fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced.

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because diversity of citizenship exists between parties in this action, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more members of the proposed plaintiff class.

19. Venue is proper in this District pursuant to 28 U.S.C. §1391. Plaintiffs purchased the iPhone in the Northern District of California. Defendants advertised in this District and made material omissions and misrepresentations and breaches of warranties in this District.

20. Assignment to the San Francisco division is proper because the iPhones were purchased in the city and county of San Francisco.

## FACTUAL BACKGROUND

21. The iPhone is a multimedia and internet-enabled mobile phone designed and sold by Defendant Apple.

22. The iPhone was first sold on June 29, 2007 from Apple's retail stores, Apple's online store, and from AT&T for a price of $499 for a 4 GB model and $599 for a 8 GB model.

23. Apple announced in their 2007 Q3 sales report and conference call that they sold 270,000 iPhones in the first 30 hours on launch weekend. Estimates for the first week of sales have exceeded 500,000.

24. In addition to selling the iPhone at AT&T retail locations, AT&T sells and exclusively provides mobile phone services to iPhone users.

25. The iPhone contains a battery within the sealed unit. This battery cannot be removed by the consumer.

26. The iPhone battery must be replaced after approximately 300 charges. Estimates for anticipated battery replacement are one year or less.

27. Apple charges a fee of $79, plus $6.95 shipping and handling to replace the iPhone battery.

28. Apple charges a fee of $29 for use of an "AppleCare Service Phone" during the time it takes Apple to replace the battery of an iPhone.

29. Plaintiffs bought two iPhones for $599 each, plus tax, on June 29, 2007 in San Francisco, California. As a condition of using the iPhone, Plaintiffs were obligated to agree to a two-year service plan with AT&T.

30. Plaintiffs were not informed at the time of purchase of the costs and procedures of replacing the battery. Neither the box the iPhone was sold in nor the written information within the box explained the costs and procedures required to change the iPhone battery.

31. Despite having knowledge of the time and expense required to change the iPhone battery, Apple and AT&T did not disclose this information to the Plaintiffs or the class in the months of promotion leading up to the sale date or at the time of the sale.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs' action is brought on behalf of themselves and all others similarly situated. The Class that Plaintiffs seek to represent is defined as all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action bought and implemented the iPhone and sustained damages as a result.

33. At this time, the number of individuals in the Plaintiff Class is unknown and can only be ascertained by discovery. However, the number exceeds 100, and the exact number can easily be determined by obtaining account records from Defendants. Plaintiffs anticipate that there will be hundreds of thousands of class members.

34. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4), and the predominance and superiority requirements of Rule 23(b)(3) and the requirements of Rule 23(b)(2).

35. Federal Rule of Civil Procedure 23(a) establishes four threshold requirements for class certification:

    1. The class is so numerous that joinder of all members is impracticable;

    2. there are questions of law or fact common to the class;

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4. the representative parties will fairly and adequately protect the interest of the class. FED.R.CIV.P. 23(a).

36. Class certification under Rule 23(b)(2) requires one finding: that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. FED.R.CIV.P. 23(b)(2).

37. Class certification under Rule 23(b)(3) requires two findings: that common questions of law and fact predominate and that a class action is superior to other forms available for fair and efficient adjudication. FED.R.CIV.P. 23(b)(3).

38. The Plaintiff Class satisfies the numerosity standards. The Class is believed to number in the hundreds of thousands of persons. As a result, joinder of all Class members in a single action is impracticable.

39. There are questions of fact and law common to the Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

a) whether, in marketing and selling the iPhone, Defendants failed to disclose the time and expense replacement of the battery would require;

b) whether Defendants falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the cost to replace the iPhone battery, the time required to replace the iPhone battery, the inconvenience of replacing the iPhone battery, and the convenience of the iPhone;

c) whether Defendants knew or should have known that the time and expense of replacing the iPhone battery would affect initial sales of the iPhone;

d) whether Defendants knowingly omitted, suppressed or concealed material

facts about the time and expense of replacing the iPhone battery from the media, the technology community and/or the consuming public;

e) whether Defendants' conduct constituted an unlawful, unfair or fraudulent business act or practice within the meaning of California Business and Professions Code § 17200;

f) whether Defendants' conduct constituted unfair, deceptive, untrue or misleading advertising within the meaning of California Business and Professions Code § 17200;

g) whether the costs and procedures of replacing the iPhone battery violate Defendants' express or implied warranties; and

h) the appropriate measure of damages and other relief.

40. Common questions predominate over individual ones.

41. Plaintiffs, as the Class representatives, are asserting claims and defenses typical of the rest of the Class.

42. Plaintiffs, as Class representatives, will fairly and adequately represent the interests of the Class. Mr. and Mrs. Stiener have the same causes of action as the other Class members and do not have interests adverse to them. Also, Mr. and Mrs. Stiener are committed to vigorously prosecuting this lawsuit and have retained experienced counsel, Hoffman & Lazear and Folkenflik & McGerity, for this purpose.

43. Plaintiffs are aware of no difficulty that will be encountered in the management of this litigation that would preclude maintaining this national Class action.

44. The names and addresses of potential Class members can be obtained from Defendants. Notice can be provided to the members of the Class via-first class mail or otherwise as directed by this Court.

## FIRST COUNT
(Breach of Contract)

45. Plaintiffs repeat, reallege and incorporate each and every allegation contained in the

Complaint

-6-

paragraphs above as if fully set forth herein.

46. The contract between Plaintiffs, the Class and Defendants contained an implied Duty of Good Faith and Fair Dealing.

47. Defendant breached its contract with Plaintiffs and the Class.

48. As a result of the foregoing, Plaintiffs and the Class incurred and will incur significant damages based on Defendants' breach of contract in an amount to be proved at trial.

## SECOND COUNT
(Violation of Implied Warranty of Merchantability)

49. Plaintiffs repeat, reallege and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

50. California Commercial Code §2314 provides in relevant part:

(1) Unless excluded or modified (Section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) Pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged, and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

Cal Com Code § 2314

51. The iPhone was not merchantable as required by law in that it was not adequately labeled and failed to conform to the affirmations of fact of Defendants.

52. As a result of the foregoing, Plaintiffs and the Class incurred and will incur

significant damages based on Defendant's breach of contract in an amount to be proved at trial.

## THIRD COUNT
(Fraudulent Concealment)

53. Plaintiffs repeat, reallege and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

54. Defendants concealed material facts as follows:

   a) that the iPhone battery could not be replaced by the consumer directly;

   b) that replacement of the battery cost $79 plus $6.95 in shipping in handling, plus $29 for a iPhone rental while the battery was being replaced;

   c) that replacement of the iPhone battery was a process that took a number of days;

55. Defendants concealed these facts with the intent to defraud and induce Plaintiffs and the Plaintiff Class to purchase the iPhone.

56. At the time Plaintiffs and the class bought the iPhone, they were unaware of the concealed or suppressed facts and would not have purchased the iPhone if they had been aware of the facts.

57. As a result, of the foregoing Plaintiffs and the Class incurred and will incur significant damages based on Defendant's fraudulent concealment in an amount to be proved at trial.

## FOURTH COUNT
(Cal. Business and Professions Code § 17200 *et seq.*)

58. Plaintiffs repeat, reallege and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

59. As a result of the business practices described above, Plaintiffs, on behalf of themselves and others similarly situated, and pursuant to Business and Professions Code §17203 are entitled to an order enjoining such future conduct on the part of Defendant, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest money paid for the purchase of the iPhone or damages as a result of the acts of Defendant, plus interest.

## FIFTH COUNT
### (Accounting)

60. Plaintiffs repeat, reallege and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

61. As a result of the aformentioned conduct, Defendants have received money from Plaintiffs and the Class, a potion of which is due to Plaintiffs and the class as previously alleged.

62. The amount of money due is unknown to Plaintiffs and cannot be ascertained without an accounting of the aforementioned transactions.

**WHEREFORE**, Plaintiffs and the Class Members pray for an award and judgment against Defendant jointly and severally:

1. On Plaintiffs' First, Second and Third Counts, for an amount to be proven at trial for all direct and consequential damages incurred by the Plaintiffs and Class as a result of Defendants' wrongful conduct;

2. On Plaintiffs' Fourth Count, for restitution of all amounts lost as a result of Defendants' violation of Business and Professions Code § 17200 *et seq.*;

3. On Plaintiffs' Fifth Count, for an accounting of all improper earnings, as alleged above;

4. For all costs of suit, including reasonable attorneys' fees, and interest;

5. For such other and further relief as this Court deems just.

Dated: August 29, 2007          HOFFMAN & LAZEAR

                                By: _____
                                    H. TIM HOFFMAN
                                    Attorney for Plaintiffs