PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
JOHANNA W. ROBERTS (CA SBN 191472)
(JRoberts@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
APPLE INC.

MAX FOLKENFLIK
MARGARET MCGERITY
FOLKENFLIK & MCGERITY
1500 Broadway, 21st Floor
New York, New York 10036
Telephone: 212.757.0400

H. TIM HOFFMAN
ARTHUR W. LAZEAR
MORGAN M. MACK
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: 510.763.5700

*Attorneys for Plaintiffs*
ZOLTAN STIENER and YNEZ STIENER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER, individually and on behalf of all others similarly situated, <br><br>                Plaintiffs, <br><br>      v. <br><br> APPLE, INC., AT&T MOBILITY, LLC, and DOES 1 THROUGH 50, inclusive, <br><br>               Defendants. | Case No.    C 07-04486-SBA <br><br> **CLASS ACTION** <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:   March 5, 2008 <br> Hon.   Saundra B. Armstrong <br><br> Complaint filed:    August 29, 2007 |

Dockets.Justia.com

Pursuant to Civil L.R. 16-9 , the parties to the above-entitled action, Plaintiffs Zoltan Stiener and Ynez Stiener ("Plaintiffs") and Defendant Apple Inc. ("Apple"), jointly submit this Case Management Statement.  Defendant AT&T Mobility, LLC ("AT&T")'s pretrial obligations have been stayed by this Court's Order dated November 28, 2007, pending resolution of its Motion to Compel Arbitration.

## 1.    JURISDICTION AND SERVICE

Plaintiffs' complaint asserts jurisdiction on the basis of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  There are no issues as to venue or personal jurisdiction.  All parties have been served.

## 2.    FACTUAL ISSUES

Apple's iPhone went on sale in the United States on June 29, 2007.  Plaintiffs claim to have purchased iPhones on that day.  The principal factual disputes in this case surround (a) the disclosure of the costs and details of the battery replacement program for the iPhone, and (b) whether the costs and procedures of replacing the iPhone battery violate Defendants' express or implied warranties, or California Unfair Competition Law ("UCL") § 17200.  Apple contends that it disclosed this information in numerous places and that these disclosures were available to plaintiffs and any potential purchaser from the day the iPhone first went on sale.  Apple intends to file a Motion for Summary Judgment establishing that such disclosures were made and that there is no factual or legal basis for all of plaintiffs' claims.

## 3.    LEGAL ISSUES

A threshold question is whether Defendant AT&T compel arbitration in accordance with its arbitration clause.  The clause contains a class action waiver which Plaintiffs claim renders it unconscionable under applicable California and Ninth Circuit law. AT&T asserts that the clause is enforceable.

The primary legal issues on the merits are whether plaintiffs can establish any basis for their claims for breach of contract, violation of the implied warranty of merchantability, fraudulent concealment, and violation of UCL § 17200.   As noted above, Apple intends to file an

early summary judgment motion on the basis that its comprehensive disclosures negate any such claims.

Defendants contend other legal issues include, but are not limited to, whether a class action can be maintained and whether plaintiffs or class members suffered actual injury.

**4.      MOTIONS**

Defendant AT&T has a pending motion to compel arbitration of plaintiffs' claims which Plaintiffs oppose.  That motion is fully briefed and is scheduled for hearing on February 26, 2008.  In addition, AT&T filed a motion for a stay pending resolution of this arbitration issue, and such motion was granted by the Court on November 28, 2007.

Apple intends to file a Motion for Summary Judgment on the grounds that its disclosures of the iPhone battery replacement program negate each of plaintiffs' claims and preclude any basis for relief in this case.

**5.      AMENDMENT OF PLEADINGS**

At this time, the parties do not anticipate amendments to the pleadings.

**6.      EVIDENCE PRESERVATION**

Apple issued a litigation hold at the outset of the case.

**7.      DISCLOSURES**

No disclosures have been made at this time.  In light the stay of the proceedings regarding AT&T, Apple and the Plaintiffs agree that initial disclosures should be postponed until after the resolution of the AT&T motion.

**8.      DISCOVERY**

The parties have not engaged in formal discovery.  In light of Apple's intent to file an early summary judgment motion on all causes of action, Apple believes that judicial economy would be served by phasing discovery.  Apple believes discovery should be limited to issues necessary to the resolution of its summary judgment motion, and if the motion is denied, more comprehensive discovery can then be undertaken.  Plaintiffs believe that the motion as described by Apple, is unlikely to be granted because the nature of the alleged "disclosures" and their inadequacy as a matter of law.  Even if granted, the motion will not resolve all issues in the case

and in all events it is inappropriate to have limitations on discovery simply because a party announces its intention to move for summary judgment.

**9.     CLASS ACTIONS**

Plaintiffs contends that this action can be maintained as a class action under Federal Rules of Civil Procedure, Rule 23(a) and (b), and Plaintiffs bring this nationwide class action on behalf of themselves and all individuals or entities who "bought and implemented the iPhone and sustained damages as a result."  (Compl. ¶ 32.)

Apple contends that this action cannot properly be maintained as a nationwide class action.  In addition, Apple believes that any ruling on class certification should be deferred pending the California Supreme Court's resolution of *Pfizer v. Superior Court*, 141 Cal. App. 4th 290 (July 11, 2006), *review granted , de-published by,* S145775, 2006 Cal. LEXIS (Nov. 1, 2006) and *In re Tobacco II Cases*, 142 Cal. App. 4th 891 (Sept. 5, 2001), *review granted, de-published by Tobacco II Cases*, S147345, 2006 Cal. LEXIS 13332 (Oct. 26, 2006).  Apple contends, both the plaintiffs' ability to certify a class and the scope of discovery will be substantially influenced by the outcome of these cases.

Plaintiffs do not believe these cases will dispose of the claims made in the complaint in this case and that a stay while this issue is determined would be inappropriate.  *See True v. Am. Honda Motor Co.*, Case No. 07-287-VAP, at 14-15, 2007 U.S. Dist. LEXIS 74885 (C.D. Cal. June 22, 2007) (denying motion to dismiss UCL and CLRA claims);  *Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 U.S. Dist. LEXIS 33746, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007) (same);  *Bristow v. Lycoming Engines*, Case No. CIV. S-06-1947 LKK GGH, 2007 U.S. Dist. LEXIS 31350, 2007 WL 1106098, at *7 (E.D. Cal. Apr. 10, 2007) (same);  *Trew v. Volvo Cars of N. Am.*, LLC, Case No. CIV-S-05-1379 DFL PAN, 2006 U.S. Dist. LEXIS 4890, 2006 WL 306904, at *5-6 (E.D. Cal. Feb. 8, 2006) (same).

**10. RELATED CASES**

A related case is pending in the United States District Court for the Northern District of Illinois, *Trujillo v. Apple Computer Inc.,* Case No. 07-CV-04946. This case was removed to federal court on August 31, 2007. Apple filed a Motion for Summary Judgment in *Trujillo* on December 7, 2007. That motion is on the same grounds as Apple's summary judgment motion to be filed in this case — that Apple's disclosures related to the iPhone battery preclude the alleged claims. The parties in *Trujillo* are engaged in discovery limited to the resolution of such motion.

**11. RELIEF**

Plaintiffs' Complaint seeks consequential damages, restitution, an accounting, and reasonable attorney fees and expenses. Apple disputes that any basis exists for such relief.

**12. SETTLEMENT AND ADR**

The parties filed ADR certifications on November 14, 2007, along with a Joint Notice of Need for ADR Phone Conference.

**13. CONSENT TO MAGISTRATE JUDGE**

The parties decline assignment to a magistrate judge.

**14. OTHER REFERENCES**

At this point, the parties see no basis for other references.

**15. NARROWING OF ISSUES**

As noted above, Apple intends to file an early summary judgment motion.

**16. EXPEDITED SCHEDULE**

Apple does not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures. Plaintiffs disagree.

**17. SCHEDULING**

Apple believes that initial disclosures and comprehensive discovery should be deferred pending resolution of Apple's early summary judgment motion as well as resolution of AT&T's pending motion to compel arbitration. Plaintiffs believe that once the arbitration motion is decided, discovery should initial disclosures and comprehensive discovery should commence.

1    **18.    TRIAL**

2          Given AT&T's pending motion to compel arbitration and Apple's proposed summary

3    judgment motion, Apple believes that it is difficult to address trial considerations at this point.

4    Apple estimates that the length of trial would be 15-20 days. Plaintiffs estimate 5 to 7 trial days.

5    **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

6          Apple filed its Certificate of Interested Entities or Persons on October 19, 2007, stating:

7    "Apple has no parent corporation.  According to Apple's Proxy Statement filed with the United

8    States Securities and Exchange Commission in April 2007, there are no beneficial owners that

9    hold more than 10% of Apple's outstanding common stock."

10   **20.    OTHER**

11          The parties have no other case management issues at this time.

12

13   Dated: February 22, 2008              PENELOPE A. PREOVOLOS
                                           ANDREW D. MUHLBACH
14                                         JOHANNA W. ROBERTS
                                           MORRISON & FOERSTER LLP
15

16
                                           By:   /s/ Penelope A. Preovolos
17                                                Penelope A. Preovolos

18                                         *Attorneys for Defendant*
                                           APPLE INC.
19
     Dated: February 22, 2008              H. TIM HOFFMAN
20                                         ARTHUR W. LAZEAR
                                           MORGAN M. MACK
21                                         HOFFMAN & LAZEAR

22                                         MAX FOLKENFLIK
                                           MARGARET McGERITY
23                                         FOLKENFLIK & McGERITY

24
                                           By:   /s/ Max Folkenflik
25                                                Max Folkenflik

26                                         *Attorneys for Plaintiffs*
                                           ZOLTAN STIENER AND YNEZ
27                                         STIENER

28

1

2        I, Penelope A. Preovolos, am the ECF user whose ID and password are being used to file

3  this ADR Certification.  In compliance with General Order 45.X.B, I hereby attest that Max

4  Folkenflik has concurred in this filing.

5

6

7

8  Dated:  February 22, 2008           PENELOPE A. PREOVOLOS
                          ANDREW D. MUHLBACH
                          JOHANNA W. ROBERTS

9                          MORRISON & FOERSTER LLP

10

11                    By:   /s/ Penelope A. Preovolos

12                         Penelope A. Preovolos

13                         *Attorneys for Defendant*
                         APPLE INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28