1  DONALD M. FALK (SBN 150256)
    dfalk@mayerbrown.com
2  RENA CHNG (SBN 209665)
    rchng@mayerbrown.com
3  MAYER BROWN LLP
   Two Palo Alto Square, Suite 300
4  3000 El Camino Real
5  Palo Alto, CA  94306-2112
   Telephone: (650) 331-2000
6  Facsimile:  (650) 331-2060

7  VICTORIA R. COLLADO (*pro hac vice*)
    vcollado@mayerbrown.com
8  SARAH E. REYNOLDS (*pro hac vice*)
    sreynolds@mayerbrown.com
9  MAYER BROWN LLP
   71 South Wacker Drive
10 Chicago, IL  60606
   Telephone:  (312) 701-0700
11 Facsimile:   (312) 701-7711

12 Attorneys for Defendant AT&T MOBILITY LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 07-04486 SBA<br><br>DEFENDANT AT&T MOBILITY LLC'S MOTION TO STAY PROCEEDINGS PENDING APPEAL<br><br>Date:  April 29, 2008<br>Time:  1:00 p.m.<br><br>Honorable Saundra B. Armstrong |

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION AND SUMMARY OF ARGUMENT | 1 |
| BACKGROUND | 2 |
| ARGUMENT | 2 |
| I. A Stay is Warranted Because ATTM's Appeal Raises "Substantial," Non-Frivolous Questions | 2 |
| II. The Balance of the Equities Tips Heavily In Favor Of A Stay | 5 |
|     A. Further Proceedings In This Court Pending Resolution Of ATTM's Appeal Would Cause ATTM Irreparable Harm | 5 |
|     B. Any Delay In Proceedings Occasioned By A Stay Would Not Cause Plaintiffs Material Injury | 7 |
|     C. A Stay Would Be In The Public Interest | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                      **Page(s)**

*A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.3d 1401 (9th Cir. 1992) .................................. 8

*Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984) ...................................................... 6

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004) ............................................. 4

*Bombardier Corp. v. Nat'l R.R. Passenger Corp.*,
   2002 WL 31818924 (D.C. Cir. Dec. 12, 2002) ............................................................................ 4

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
   128 F.3d 504 (7th Cir. 1997) ................................................................................................... 4, 7

*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) .......................................... 1, 4, 5

*C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   716 F. Supp. 307 (W.D. Tenn. 1989) ................................................................................ 5, 6, 8

*Cendant Corp. v. Forbes*, 72 F.Supp.2d 341 (S.D.N.Y. 1999) ..................................................... 3, 4

*Cervantes v. Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB)
   (S.D. Cal. Mar. 8, 2006) ................................................................................................. 2, 3, 6, 9

*Davidson v. Cingular Wireless LLC*, 2007 WL 896349 (E.D. Ark. Mar. 23, 2007) ..................... 4

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3d Cir. 2007) ..................................................... 4

*Ford v. Verisign, Inc.*, No. 05 CV 0819 JM (RBB) (S.D. Cal. Mar. 8, 2006) ....................... 2, 3, 6

*Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167-DMS-AJB (S.D. Cal. Mar. 14, 2006) ......... 2, 6, 8

*Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983) ........................................................................... 9

*Lummus Co. v. Commonwealth Oil Ref. Co.*, 273 F.2d 613 (1st Cir. 1959) ................................. 7

*McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005) ........................... 4

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004) ........................................................... 4

*Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069 (E.D. Cal. 2007) ...................................... 5

*Preston v. Ferrer*, 128 S. Ct. 978 (2008) .......................................................................................... 5

*Sasik v. AT&T Wireless Servs., Inc.* CV 05-2346 ABC (C.D. Cal. Nov. 1, 2006) ................ 2, 6, 9

*Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007) ...................... 1, 5

*Stern v. Cingular Wireless LLC*, 2006 WL 2790243 (C.D. Cal. Aept. 11. 2006) ............. 2, 3, 6, 9

*Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300 (S.D. Tex. 1999) ......................................... 7, 8

*Winig v. Cingular Wireless LLC*, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) ................. *passim*

# TABLE OF AUTHORITIES
## (Continued)

**Statutes and Rules**                                                                                           **Page(s)**

9 U.S.C. § 16 .................................................................................................................... 3

**Other Authorities**                                                                       **Page(s)**

H.R. Rep. No. 100-889 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982 ....................................... 3

Edith H. Jones, *Appeals of Arbitration Orders—Coming Out of the Serbonian Bog*,
    31 S. TEX. L. REV. 361 (1990) ......................................................................................... 3

15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE
    § 3914.17 (2d ed. 1992) ................................................................................................... 3

PLEASE TAKE NOTICE that on April 29, 2008, at 1:00 p.m., Defendant AT&T Mobility LLC ("ATTM") will move and hereby does move for an order to stay judicial proceedings in this Court pending resolution of its appeal from the Court's March 12, 2008 Order denying its motion to compel arbitration. ATTM respectfully requests that this Court stay proceedings involving plaintiffs' claims against it while ATTM's appeal is pending so that ATTM has an effective opportunity to seek review.

## POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION

## INTRODUCTION AND SUMMARY OF ARGUMENT

When a party is appealing from the denial of a motion to compel arbitration, a stay pending appeal is warranted so long as the motion to compel presented a "substantial," non-frivolous legal issue as to the arbitrability of the claims at issue. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). ATTM's motion to compel arbitration easily satisfied that standard. We acknowledge and respect this Court's conclusion that the distinctions between the arbitration provision at issue here and the one involved in *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007), make no legal difference. Nevertheless, the fact remains that, to date, this Court is the only one to decline to enforce the new provision. Accordingly, although the Court appears to be firmly convinced that the new clause is unenforceable under California law, ATTM's position to the contrary cannot be deemed insubstantial.

Moreover, the balance of the equities strongly tips in favor of granting a stay. Litigation in this Court is precisely the harm that ATTM's arbitration provision and the FAA were intended to avoid. Delving into discovery and pre-trial motions (and possibly conducting a trial) before ATTM's appeal is heard would irreparably waste resources if the Court of Appeals (or U.S. Supreme Court) were to reverse. By contrast, Plaintiffs can make no comparable claim of irreparable harm that would result from a stay. Their claims are small, so the delay in having them adjudicated cannot possibly affect Plaintiffs financially. And even if Plaintiffs did need the money immediately, they could readily obtain resolution of their claims by proceeding in small claims court or sending ATTM a notice of intent to arbitrate.

Finally, the public policies favoring conservation of judicial resources and encouraging

arbitration strongly support a stay. Under these circumstances, there can be no justification for requiring ATTM to engage in burdensome, expensive, and potentially meaningless litigation in this Court while its appeal is pending. Indeed, federal district courts in California have repeatedly so held. *See Winig v. Cingular Wireless LLC*, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006) ("*Winig* Order"); *Sasik v. AT & T Wireless Servs., Inc.*, CV 05-2346 ABC (C.D. Cal. Nov. 1, 2006) ("*Sasik* Order"; attached as Addendum I); *Stern v. Cingular Wireless LLC*, 2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006) ("*Stern* Order"); *Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167-DMS-AJB, at 5 (S.D. Cal. Mar. 14, 2006) ("*Laster* Order"; attached as Addendum II); *Ford v. Verisign, Inc.*, No. 05 CV 0819 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006) ("*Ford* Order"; attached as Addendum III); *Cervantes v. Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006) ("*Cervantes* Order"; attached as Addendum IV).

## BACKGROUND

Plaintiffs have sued ATTM and Apple, Inc., alleging a variety of claims relating to fees associated with replacement of the Apple iPhone battery. Compl. ¶¶ 25-31, 45-59. On November 21, 2007, ATTM moved to compel arbitration. Docket No. 38. This Court denied ATTM's motion on March 12, 2008, holding that ATTM's arbitration provision is unenforceable under California law. Docket No. 59. On March 18, 2008, ATTM filed a notice of appeal pursuant to Section 16 of the FAA, which authorizes an immediate appeal from an order denying arbitration. Docket No. 60.

On the same day, counsel for ATTM conferred with counsel for Plaintiffs and requested that Plaintiffs agree to a stay of proceedings pending the resolution of ATTM's appeal. Plaintiffs' counsel refused to do so. Declaration of Rena Chng ¶ 2.

## ARGUMENT

### I. A STAY IS WARRANTED BECAUSE ATTM'S APPEAL RAISES "SUBSTANTIAL," NON-FRIVOLOUS QUESTIONS.

As other California district courts addressing the issue have recognized, the statutory history of the FAA evidences a congressional preference for stays pending appeal. When Congress amended the statute in 1988, it authorized interlocutory appeals only from orders ***denying*** mo-

-2-
MOTION TO STAY PROCEEDINGS PENDING APPEAL
CASE NO. CV 07-04486 SBA

tions to compel or stay litigation during arbitration, while barring appeals from orders ***granting*** such motions.[1] Thus, "[b]y specifically allowing for an immediate appeal from a decision denying arbitration, Congress has * * * indicated that all questions of whether a dispute should be arbitrated should be resolved before time and money is spent in litigation." *Ford* Order at 4; *see also Cervantes* Order at 3 (same); *Stern* Order at 3 ("Congress * * * indicated its policy favoring arbitration by specifically allowing for immediate appeal of a decision denying a motion to compel arbitration."). These legislative choices "reflect[] a deliberate determination that appeal rules should reflect a strong policy favoring arbitration," which is "commonly valued because in comparison to litigation it is seen as faster, less expensive, and more expert." 15B CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3914.17 (2d ed. 1992).

Congress recognized in these amendments that "the expense and delay associated with preparation for trial would obviate the benefits of arbitration, producing a costly error should the district court's refusal to enforce an arbitration agreement be reversed on appeal." Edith H. Jones, *Appeals of Arbitration Orders—Coming Out of the Serbonian Bog*, 31 S. TEX. L. REV. 361, 375-376 (1990). Accordingly, "the fact that Congress made provision in section 16 for an interlocutory appeal from a denial of * * * arbitration will usually tilt the balance in favor of granting such a stay whenever doing otherwise would effectively deprive the appellant of the possibility of having the underlying controversy presented to an arbitrator in the first instance." *Cendant Corp. v. Forbes,* 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999). For this reason, "[a] district court must be careful not to undermine this policy by pushing forward with a case in the face of a pending appeal from the denial of arbitration, except in more compelling circumstances than are

---

[1] As the House report explains:

> [I]nterlocutory appeals are provided for when a trial court rejects a contention that a dispute is arbitrable under an agreement of the parties and instead requires the parties to litigate. In contrast, interlocutory appeals are specifically prohibited * * * when the trial court finds that the parties have agreed to arbitrate and that the dispute comes within the arbitration agreement.

H.R. Rep. No. 100-889, at 36-37 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5997; *see also* 9 U.S.C. § 16 (codifying amendments).

here presented." *Id.*

To be sure, in the Ninth Circuit an appeal from the denial of a motion to compel arbitration does not ***automatically*** result in a stay of litigation. In *Britton*, the Ninth Circuit held that such an appeal does not "divest[]" the district court "of jurisdiction to proceed with the case on the merits." 916 F.2d at 1412. That holding conflicts with decisions of five other federal courts of appeals, which have held that such an appeal generally does divest the district court of jurisdiction to continue proceedings and thereby effectively institutes a stay.[2] We accordingly preserve the argument that *Britton* is on the wrong side of the split among the circuits for potential review by the en banc Ninth Circuit and the U.S. Supreme Court.

In any event, a stay is fully appropriate under the Ninth Circuit's test. The *Britton* court rested on the view that an automatic stay "would allow a defendant to stall a trial simply by bringing a ***frivolous*** motion to compel arbitration." *Britton*, 916 F.2d at 1412 (emphasis added). The Ninth Circuit made clear, however, that a district court is authorized to grant a stay whenever "the court finds that the motion [to compel arbitration] presents a substantial question." *Id.*

We respectfully submit that ATTM raises a "substantial" issue in contending that its current arbitration provision is fully enforceable under California law. Because the Court is fully familiar with our arguments, we will not repeat them here. What is important for present purposes is not whether the Court agrees, but simply whether those arguments are sufficiently debatable to make our appeal non-frivolous. We submit that they plainly are. Neither the Ninth Circuit nor the California appellate courts have ever addressed the enforceability of an arbitration provision that provides affirmative inducements to invoke the arbitration process. Moreover, no court anywhere in the country other than this one has invalidated ATTM's 2006 provision. One court (applying Arkansas law) has enforced it. *See Davidson v. Cingular Wireless LLC*, 2007

---

[2] *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). *But see Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) ("adopt[ing] Ninth Circuit's position" in *Britton*).

WL 896349 (E.D. Ark. Mar. 23, 2007). In these circumstances, the question whether the revisions to the provision, which undeniably take it beyond any other existing consumer arbitration provision, are sufficient to satisfy the concerns articulated by the Ninth Circuit in *Shroyer* is surely a "substantial" one.

So too is ATTM's preemption argument. Again, although the Court may disagree with the argument, the Supreme Court's recent decision in *Preston v. Ferrer*, 128 S. Ct. 978 (2008), makes it at least an open question whether California may impose procedural preconditions to the enforcement of arbitration provisions. *See id*. at 985 (FAA preempts California Talent Agencies Act's requirement that parties notify Labor Commissioner of their dispute and allow her to participate in the arbitration). Because conditioning enforcement of an arbitration provision on the absence of a class waiver is a very significant procedural requirement, ATTM's preemption argument is sufficiently "substantial" to warrant a stay pending appeal.

## II. THE BALANCE OF THE EQUITIES TIPS HEAVILY IN FAVOR OF A STAY.

To determine whether a stay should be granted, the Court may also consider whether (1) the stay applicant "will be irreparably injured absent a stay"; (2) a stay would "substantially injure the other parties interested in the proceeding"; and (3) "public policy favors a stay." *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 716 F. Supp. 307, 310 (W.D. Tenn. 1989) (cited in *Britton*, 916 F.2d at 1412); *see also Winig* Order at *1 n.1 (considering *C.B.S.* factors). All of these factors weigh in favor of granting a stay in this case.

### A. Further Proceedings In This Court Pending Resolution Of ATTM's Appeal Would Cause ATTM Irreparable Harm.

There can be no question that ATTM will be irreparably harmed if a stay is denied. As this Court has previously noted in staying discovery and related matters: "If ATTM's pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court. And if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." Order Granting Stay (Nov. 29, 2007), Docket No. 44, at 2. The Court accordingly stayed the proceedings "[i]n the interests of conserving the resources of the parties." *Id.* (citing *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. 2007) ("the parties should

not be required to endure the expense of discovery that ultimately would not be allowed in arbitration")).

The same reasoning applies with even greater force to ATTM's appeal. Indeed, other federal district courts in California have repeatedly held that stays pending the appeal from an order denying a motion to compel arbitration are appropriate. As Judge Miller found in granting a stay motion in a case involving ATTM's prior arbitration provision:

> Undoubtedly, Defendants will suffer ***irreparable harm*** without a stay in proceedings. They will be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration. Although the costs are less than if Defendants could not appeal until after trial, these are still costs that Defendants would have avoided had the case proceeded to arbitration.

*Ford* Order at 3-4 (emphasis added); *see also Cervantes* Order at 2 (same). Judge Sabraw came to the same conclusion, holding that "if the Court were to deny a stay of the proceedings and later be reversed on appeal on the issue of arbitration, the litigation expenses incurred during trial would defeat the important cost-limiting purpose of arbitration agreements." *Laster* Order at 4. Judge Snyder similarly determined that "[i]f defendants are forced to continue litigation, they will lose the benefits of arbitration in the event the Ninth Circuit upholds the arbitration clause." *Stern* Order at 3. And Judge Collins likewise explained that "[s]hould proceedings before this Court continue pending appeal, Defendants would clearly suffer irreparable harm. They would be forced to incur the expense of litigation and trial preparation, which expense may well be for naught should the Ninth Circuit ultimately order arbitration." *Sasik* Order at 2.

If a party "must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are ***lost forever***." *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (emphasis added) (observing that these consequences are "serious, perhaps, irreparable"); *see also Winig* Order at *2 (citing *Alascom*); *Sasik* Order at 2 (citing *Alascom*). Though the cost of litigation may not be considered an irreparable harm in other situations, "this is a unique situation" because "[t]he main purpose for defendants' appeal is to avoid the expense of litigation"; therefore, "the time and expense of litigation do constitute irreparable harm in this instance." *C.B.S.*, 716 F. Supp. at 310. As the Seventh Circuit has

explained:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The ***worst possible outcome*** would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under [9 U.S.C.] § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Bradford-Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504, 505-06 (7th Cir. 1997) (emphasis added); *see also Lummus Co. v. Commonwealth Oil Ref. Co.,* 273 F.2d 613, 613-14 (1st Cir. 1959) (granting motion to delay discovery pending appeal of district court's order because "a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation * * *. Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof"); *Trefny v. Bear Stearns Sec. Corp.,* 243 B.R. 300, 309 (S.D. Tex. 1999) (being "forced to participate in discovery" by which the "right to arbitrate the dispute will be jeopardized" represents irreparable injury).

These concerns are equally implicated by ATTM's appeal. If ATTM succeeds on appeal, any further proceedings, including discovery and resolution of the merits, must take place before an arbitrator, not this Court. If proceedings continue in this Court while ATTM's appeal is pending, such duplication of effort will result in irreparable harm to ATTM.

**B.    Any Delay In Proceedings Occasioned By A Stay Would Not Cause Plaintiffs Material Injury.**

On the other side of the ledger, Plaintiffs would suffer no comparable harm if the Court grants a stay. For one thing, it is undisputed that Plaintiffs' claims are small; this Court has estimated the value of each Plaintiff's claim at $114.95. Order Denying Motion to Compel, Docket No. 59, at 12. Hence, delay in the adjudication of those claims cannot possibly harm Plaintiffs financially. And even if it could, Plaintiffs retain the option of pursuing their claims in

small claims court or sending ATTM a notice of the dispute and commencing arbitration.[3]

Any other harm that Plaintiffs might sustain because of a stay does not compare to the unjustifiable waste of time and money that would result from proceeding with this litigation before the Ninth Circuit decides whether this dispute is even subject to judicial resolution. *See, e.g., C.B.S.*, 716 F. Supp. at 310 (general disadvantage to plaintiff caused by delay of proceedings was outweighed by potential injury to defendant from proceeding in district court during pendency of appeal); *Trefny,* 243 B.R. at 310 (same).

### C. A Stay Would Be In The Public Interest.

A stay would be in the public interest because it would promote the important policy goals of judicial efficiency and economy. If a stay is not granted, this Court no doubt will have to devote considerable additional time addressing motions and supervising discovery—time that could otherwise be devoted to the many other matters pending on this Court's docket. Put simply, it "does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case." *C.B.S.,* 716 F. Supp. at 310; *see also Winig* Order at *3 (citing *C.B.S.*).

For this reason, "a stay would * * * serve the public's interest in promoting the 'strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution.'" *Laster* Order at 4 (quoting *A.G. Edwards & Sons, Inc. v. McCollough,* 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (internal quotation marks omitted)); *see also Ford* Order at 4

---

[3] Plaintiffs no doubt will contend that the delay will injure the absent class members. But no class has been certified yet (and none may ever be certified), so any injury to absent class members—which again would be quite small on an individual basis—is too speculative to weigh in the balance. As Judge Chesney has noted:

> Even if [the alleged] conduct ultimately is determined to be unlawful, however, the proposed class will have suffered little additional injury as a result of the stay, given what appears to be a small amount of monetary damages asserted suffered by the individual members of the proposed class. * * * Moreover, any such injury can be redressed by an award of damages if plaintiff ultimately prevails.

*Winig* Order, at *3.

(public interest favors granting stay); *Cervantes* Order at 3 (same); *Stern* Order at 3 (same); *Winig* Order at *3 ("a stay would advance the public interest in arbitration by ensuring that Cingular is not required to litigate the instant action in district court unless and until the Ninth Circuit resolves the pending appeal in plaintiff's favor"); *Sasik* Order at 2 ("[The public interest also weighs in favor of granting a stay. * * * [B]y specifically permitting immediate interlocutory appeals from denials of * * * arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before the parties' time and money are spent in litigation.").

Thus, the balance of hardships tips decidedly in favor of granting a stay, and when "the public interest is included, that balance is overwhelming." *Lopez v. Heckler*, 713 F.2d 1432, 1438 (9th Cir. 1983).

## CONCLUSION

The Court should stay all proceedings against ATTM, including discovery, pending resolution of ATTM's appeal from the Court's order denying its motion to compel arbitration.

DATED: March 24, 2008

MAYER BROWN LLP

By: /s/ Donald M. Falk
    Donald M. Falk

*Attorney for Defendant AT&T MOBILITY LLC*

*Of Counsel:*

Evan M. Tager
Archis A. Parasharami
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300