Stiener et al v. Apple, Inc. et al                                                                                                         Doc. 63 Att. 1

# ADDENDUM I

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 05-2346 ABC (CWx)                                    Date   November 1, 2006

Title   Roman Sasik, et al. v. AT&T Wireless Services, Inc.

Present: The Honorable   Audrey B. Collins

| Daphne Alex | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                          Attorneys Present for Defendant:

None Present                                                      None Present

**Proceedings:**   DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL
(In Chambers)

Pending before the Court is Defendant's Motion to Stay Proceedings Pending Appeal, filed on October 6, 2006. Plaintiffs filed an opposition on October 23, 2006, to which Defendant replied on October 30, 2006. The Court finds this motion appropriate for submission without oral argument, and VACATES the hearing date of November 6, 2006. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Upon consideration of the parties' submissions and the case file, the Court hereby GRANTS the Motion.

## PROCEDURAL HISTORY

On September 28, 2006, the Court denied Defendant's motion, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), to compel arbitration and stay litigation. Thereafter, contemporaneously with its filing of this motion, Defendant filed a Notice of Appeal of that order, pursuant to 9 U.S.C. § 16(a)(1)(A) and (B), which provide the right to an interlocutory appeal from "an order . . . refusing a stay of any action under section 3 of [Title 9]" or "denying a petition under section 4 of [Title 9] to order arbitration to proceed." Herein, Defendant asks this Court to stay proceedings pending its interlocutory appeal.

## DISCUSSION

In the Ninth Circuit, whether to grant a stay of proceedings pending appeal is "a proper subject for the exercise of discretion by the trial court." Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). For motions to stay proceedings pending the interlocutory appeal of a denial of a motion to compel arbitration, "the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." Britton, 916 F.2d at 1412.

Courts consider four factors when determining whether the grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's success on the merits; (2) whether the moving party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 05-2346 ABC (CWx)                           Date   November 1, 2006

Title   Roman Sasik, et al. v. AT&T Wireless Services, Inc.

will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

    A moving party's likelihood of success on the merits of its appeal is related to whether the appeal presents a "substantial question." Here, Defendants intend to appeal the question of whether the FAA preempts the holding in Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005), that a class action waiver provision in an agreement to arbitrate could be unconscionable under California law, and therefore unenforceable. Defendant contends that this holding is preempted either pursuant to Section 2 of the FAA, or pursuant to the doctrine of conflict preemption.

    Defendant cites several cases in which courts have accepted its preemption arguments and compelled arbitration. With the exception of one recent case from this District which is also on appeal, all of these opinions are out-of-circuit. To the extent to which Ninth Circuit opinions have touched on these questions, they have been against Defendant's position. See Ting v. AT&T, 319 F.3d 1126, 1152 (9th Cir. 2003) (rejecting the argument that California's unconscionability doctrine is "inherently hostile" to arbitration); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1175 (9th Cir. 2003) (applying California unconscionability law to an agreement to arbitrate, and holding that "this bar on class-wide arbitration is patently one-sided, and [] substantively unconscionable.") The Ninth Circuit also registered its disagreement with the California Appellate Court decision that was reversed by the California Supreme Court in Discover Bank, stating, "Because unconscionability is a generally applicable contract defense, it may be applied to invalidate an arbitration agreement without contravening § 2 of the FAA." Ting, 319 F.3d 1126. However, although the above authorities hold that California unconscionability law applies to agreements to arbitrate, see Ingle, their discussions of preemption are indirect. Further, the Ninth Circuit has not yet published a decision either concurring with or rejecting Discover Bank's reasoning that the FAA does not preempt its unconscionability holding in any way. Accordingly, Defendant's appeal presents a substantial, non-frivolous question.

    Should proceedings before this Court continue pending appeal, Defendants would clearly suffer irreparable harm. They would be forced to incur the expense of litigation and trial preparation, which expense may well be for naught should the Ninth Circuit ultimately order arbitration. In that case, Defendant would have lost the very advantages of arbitration that its appeal sought to secure, and the utility of pursuing an interlocutory appeal would be undermined. If Defendant was forced to litigate the underlying dispute, it would "lose forever " the speed and economy of arbitration. Alascom, Inc. V. ITT N. Elec. Co., 727 f.2d 1419, 1422 (9th Cir. 1984). Indeed, absent a stay, Defendant would be exposed to the risk of duplication of expense. See, e.g., Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997) (noting, "These benefits [of arbitration] are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced.") In light of Congress' authorization of an immediate interlocutory appeal of denials of motions to compel arbitration, and the FAA's policy of encouraging arbitration, the loss of the benefits of arbitration are not only irreparable, but also substantial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 05-2346 ABC (CWx)                                  Date   November 1, 2006

Title   Roman Sasik, et al. v. AT&T Wireless Services, Inc.

    Although the potential injury to Plaintiffs should a stay be granted is comparatively small in terms of possible financial hardship, the resolution of their claims would nevertheless be delayed. However, delay is always a consequence of a stay, and Plaintiffs have not demonstrated how delay here would be uniquely harmful to them in the context of this particular case. Thus, although delay is a non-trivial harm to Plaintiffs, it is not substantial enough to outweigh the harm that Defendants would risk absent a stay.

    Finally, the public interest also weighs in favor of granting a stay. Through the FAA, Congress has legislated a clear public policy in favor of arbitration. Further, by specifically permitting immediate interlocutory appeals from denials of motions to compel arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before the parties' time and money are spent in litigation. The Court also notes that the public interest in judicial economy favors ordering a stay: should the interlocutory appeal ultimately result in an order to arbitrate, any proceedings that this Court would have conducted in the meantime would likely be rendered moot.

    Accordingly, having considered the Hilton factors, in tandem with the federal public policy favoring arbitration, a stay of all proceedings pending appeal is warranted.

**CONCLUSION**

    For the reasons stated above, the Court GRANTS Defendant's Motion for a Stay of Proceedings Pending Appeal.

**IT IS SO ORDERED.**

Initials of Preparer   _D.A_