# ADDENDUM II



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. LASTER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> T-MOBILE USA, INC., et al., <br><br> Defendants. | CASE NO. 05cv1167 DMS (AJB) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL** <br><br> [Docs. No. 63, 65, 83] |

This matter comes before the Court on Defendants' motion to stay the proceedings pending appeal of the Court's denial of their motions to compel arbitration. After careful consideration of the parties' pleadings and the relevant statutory and case law authority, the Court grants Defendants' motion to stay the proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2005, Plaintiffs Jennifer Laster ("Laster"), Elizabeth Voorhies ("Voorhies"), and Andrew Thompson ("Thompson") filed a First Amended Complaint ("FAC") with this Court, asserting causes of action against Defendants for charging them and other consumers sales tax on wireless communications devices that were advertised as free or at a discounted price, in violation of California Business & Professions Code §§ 17200 and 17500, and California Civil Code § 1770.

ENTERED ON 3-14-06 05cv1167 DMS (AJB)

On September 23, 2005, Defendants T-Mobile and Cingular Wireless ("Cingular") filed separate motions to compel Laster and Voorhies to arbitration, based on the arbitration clauses contained in their wireless service contracts. In addition, Defendants Go Wireless ("Go") and Verizon Wireless ("Verizon") filed a joint motion to dismiss Plaintiffs' FAC for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). T-Mobile and Cingular joined in that motion to dismiss.

On November 30, 2005, this Court issued an Order denying T-Mobile and Cingular's motions to compel arbitration, based in part on the California Supreme Court's decision in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005). The Court also dismissed Plaintiffs' §§ 17200 and 17500 claims without prejudice and their § 1770 claim for damages with prejudice.

Subsequently, T-Mobile and Cingular filed notice of appeals of the Court's Order denying their motions to compel arbitration with the Ninth Circuit Court of Appeals. Concurrent with its notice of appeal, Cingular filed a motion to stay the proceedings pending appeal, which T-Mobile, Go, and Verizon joined. On February 10, 2006, Plaintiffs filed an Opposition to Defendants' motion to stay, and thereafter, T-Mobile and Cingular each filed Replies.

## II.

### DISCUSSION

The Federal Arbitration Act ("FAA") provides that a party whose motion to compel arbitration is denied may immediately appeal.[1] 9 U.S.C. § 16(a). "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S.

---

[1] Section 16(a) of the FAA provides:

(a) An appeal may be taken from--
   (1) an order--
      (A) refusing a stay of any action under section 3 of this title,
      (B) denying a petition under section 4 of this title to order arbitration to proceed,
      (C) denying an application under section 206 of this title to compel arbitration,
      (D) confirming or denying confirmation of an award or partial award, or
      (E) modifying, correcting, or vacating an award;

   (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

   (3) a final decision with respect to an arbitration that is subject to this title.

373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) (citation omitted). However, "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990) (citation omitted). Moreover, as the Ninth Circuit noted in *Britton*, where a party appeals the denial of a motion to compel arbitration, "the district court is to evaluate the merits of the movant's claim and if, for instance, the court finds that the motion presents a 'substantial question,' [it is allowed] to stay the proceedings pending an appeal from its refusal to compel arbitration." *Britton*, 916 F.2d at 1412 (citations omitted).

As an initial matter, while the parties agree that the outcome of the present motion should be resolved by the Ninth Circuit's decision in *Britton*, the parties dispute the standard by which this court should determine whether the issues raised in Defendants' appeals present a "substantial question." Plaintiffs contend, based on Britton's citation to *Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826 (D.C. Cir. 1987), the "substantial question" standard is satisfied only where an appeal raises issues of "first impression." Defendants, on the other hand, argue the standard merely requires that an appeal raise a serious legal issue, *i.e.*, one that is not frivolous, regardless of whether or not the district court believes that the appellant's arguments will be successful.

As Plaintiffs correctly note, *Pearce* involved a case where the district court, after denying a motion to compel arbitration, granted the defendant's motion to stay the proceedings pending appeal on grounds that the defendant's appeal raised issues of first impression. However, in addition to *Pearce*, the court in *Britton* also cited *C.B.S. Employees Federal Credit Union v. Donaldson*, 716 F.Supp. 307 (W.D.Tenn.1989), as an example of a "test to determine whether [a] district court should stay trial proceedings pending [an] appeal from [the] denial of [a] motion to stay proceedings pending arbitration." *Britton*, 916 F.2d at 1412.

In *C.B.S. Employees*, the district court found that a stay of the proceedings pending appeal was warranted. The court first noted that, with the amendments to the FAA, Congress "did away with the 'serious, perhaps irreparable' harm requirement of appealability of orders denying stays." *C.B.S. Employees* 716 F.Supp at 309. The court then applied the traditional factors under Fed.R.Civ.P. 62 for a stay pending appeal, and noted that under the first prong of the analysis — whether the stay applicant

has made a strong showing that he is likely to succeed on the merits — the appellant need not show a mathematical probability of success; instead, an appellant need only raise claims which present a "serious legal question" for the court to consider. *Id.* at 310.

As such, *Britton's* citations to *Pearce* and *C.B.S. Employees* leads this Court to conclude that a stay may be warranted if the appeal presents a "serious legal question" for the court to consider. In reaching this conclusion, the Court notes that Plaintiffs fail to cite any authority for the proposition that *Britton's* "substantial question" standard may be satisfied only where an appeal raises issues of first impression. Accordingly, the Court declines to adopt Plaintiffs' interpretation of the "substantial question" standard enunciated in *Britton*.

Turning next to the merits of T-Mobile and Cingular's claims, the Court finds that the issues raised in their appeals present serious legal questions which warrant a stay under *Britton's* "substantial question" standard. Notably, T-Mobile and Cingular seek review of this Court's Order denying their motions to compel arbitration in order to determine whether the rule announced in *Discover Bank* applies to any contract or only a select subset of consumer contracts, and thus is preempted by the FAA, 9 U.S.C. § 2. (T-Mobile's Reply at 7; *see also* Cingular's Reply at 3.) Although the Court previously considered and addressed this issue in its Order denying T-Mobile and Cingular's motions to compel arbitration (*See* November 30, 2005 Order at 13-14), the issue nonetheless presents a serious legal question for the appellate court to consider.

Moreover, the balance of equities favor a stay of the proceedings. First, if the Court were to deny a stay of the proceedings and later be reversed on appeal on the issue of arbitration, the litigation expenses incurred during trial would defeat the important cost-limiting purpose of arbitration agreements. *See Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("If [a] party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration — speed and economy — are lost forever."); *see also Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). In addition, while the Court recognizes that Plaintiffs (and all purported class members) may be injured in that they will be forced to wait longer to have their injuries redressed, a stay would nonetheless serve the public's interest in promoting the "strong federal policy encouraging arbitration as a 'prompt, economical and adequate'

method of dispute resolution." *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (citation omitted). Accordingly, because a stay of the proceedings in this case would promote judicial economy and serve the public's interest, the balance of equities weigh in favor of granting Defendants' motion to stay. *See Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

### III.

#### CONCLUSION AND ORDER

For the reasons discussed above, Defendants' motion to stay the proceedings pending appeal of the Court's November 30, 2005 Order to the Ninth Circuit is **GRANTED**. Because this Court may not proceed with this case in the normal course, and in the interest of judicial efficiency, the Court finds this case should be administratively closed until the completion of Defendants' appeals. Thereafter, upon proper application by either party, the Court may reopen this case.

The Clerk of the Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: 3-14-06

DANA M. SABRAW
United States District Judge

CC: JUDGE BATTAGLIA
ALL PARTIES