# ADDENDUM III

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORD, et al., <br><br> Plaintiffs, <br> vs. <br> VERISIGN, INC., et. al., <br><br> Defendants. | CASE NO. 05 CV 0819 JM (RBB) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL |

## Background

On December 19, 2005, this court denied Defendants Cingular and T-Mobile's motion to compel arbitration on the grounds that its prohibition on class actions was unconscionable under the California Supreme Court's recent decision in Discover Bank v. Superior Court, 30 Cal.4th 148 (2005). Pursuant to both the Cingular and T-Mobile contracts, the class action clause could not be severed and the entire arbitration provision was void if the clause prohibiting class actions was unenforceable. The court ordered Defendants to file a response within 30 days. This court also granted the motion to dismiss pursuant to Rule 12(b)(6), filed by Defendants Jamster and Verisign, primarily because Plaintiffs' failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs were granted leave to amend.

In early January all parties submitted a stipulation and proposed order which provided that Plaintiffs' Second Amended Complaint would be filed and served on January 6, 2006, and Defendants' response would be filed and served by February 6, 2006. The court signed that order on January 10. On January 11, all Defendants filed a motion to stay proceedings pending appeal, simultaneously filing

1 | a notice of appeal with the Ninth Circuit.

**Analysis**

A court order denying a motion to compel arbitration is immediately appealable. See 9 U.S.C. § 16(a)(3) (West 2005). Consistent with the federal policy favoring arbitration, "[s]ection 16 of [the Federal Arbitration Act] 'endeavors to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration.'" Bushley v. Credit Suisse First Boston, 360 F.3d 1149, 1153 (9th Cir. 2004) (quoting Augustea Impb Et Salvataggi v. Mitsubishi Corp., 126 F.3d 95, 98 (2d Cir. 1997); 15B Charles Alan Wright, et al, Federal Practice & Procedure § 3914.17 (2d ed. 1992). A district court is not required to stay proceedings pending the appeal. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). "The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." Id. Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's success on the merits; (2) whether the moving party will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

    A.    Likelihood of Success on the Merits

        1.    *Waiver of Right To Appeal*

Plaintiffs contend that Defendants waived their right to appeal and consented to the jurisdiction of this court when they entered into the stipulation to respond to the complaint by February 6, 2006. Whether Defendants in fact waived their right to appeal is not an issue the district court can resolve. Furthermore, judicial policy favors the preservation of rights and decisions based on the merits. Finding a waiver of a right to appeal in a short stipulation dealing with scheduling runs contrary to this policy and essentially grants Plaintiffs a default. See Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986) ("[W]aiver of the right to arbitration is disfavored[.]").

        2.    *Existence of a Substantial Question and Likelihood of Success on the Merits*

According to their papers, Defendants intend to appeal the question of whether Section 2 of

the Federal Arbitration Act preempts application of Discover Bank, and whether "conditioning enforcement of an arbitration provision on the availability of class-wide arbitration frustrates the purpose of the FAA and hence is preempted under the doctrine of conflict-preemption." Defs. Mem. P & A at 2. Plaintiffs argue that there is no substantial question on appeal because Defendants created the situation they intend to appeal. Plaintiffs point out that it is Defendants who caused the entire arbitration provision to be invalid because they included a clause in their contract that declared the arbitration provision void in the event the prohibition on class actions was held to be unenforceable. Plaintiffs maintain that the clause declaring the arbitration provision invalid was an agreement to litigate.

As discussed above, in light of the preference for adjudication on the merits and the disfavored light in which waivers and defaults are viewed, the court does not construe the clause voiding the arbitration provision as a waiver of a right to appeal the decision that triggered the clause. The contract did not clearly waive Defendants' right to appeal; read in context, it expressed the terms on which Defendants would agree to arbitration. Defendants have a statutory right to appeal the denial of a motion to compel arbitration; the question is whether this action should be stayed in the meantime.

Although Defendants cite cases in other jurisdictions that have accepted their argument, precedent suggests that this argument has already been addressed and rejected in the Ninth Circuit. See Ting v. AT&T, 319 F.3d 1126, 1152 (9th Cir. 2003) (rejecting the argument that California's unconscionability law was "inherently hostile" to arbitration); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1175 (9th Cir. 2003) ("[T]his ban on class-wide arbitration is patently one-sided and, and [we] conclude that it is substantively unconscionable."). Moreover, the Ninth Circuit has stated in dicta that "[w]e disagree with the California Court of Appeal's recent analysis in [Discover Bank]. Because unconscionability is a generally applicable contract defense, it may be applied to invalidate an arbitration agreement without contravening § 2 of the FAA." Ting v. AT&T, 319 F.3d 1126, 1150, n.15 (9th Cir. 2003). However, the Ninth Circuit has not yet published a decision that affirms or rejects the reasoning of Discover Bank with respect to preemption.

B.  Irreparable Harm to Defendants

Undoubtedly, Defendants will suffer irreparable harm without a stay of proceedings. They will

be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration. Although the costs are less than if Defendants could not appeal until after trial, these are still costs that Defendants would have avoided had the case proceeded to arbitration. See Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505-06 (7th Cir. 1997) ("Immediate appeal . . . helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.").

### C. Substantial Injury to Plaintiffs

Defendants argue that Plaintiffs' injuries are small because the individual charges Plaintiffs complain of are only a few dollars. However, Plaintiffs are entitled to their day in court and plaintiffs who suffer less should not also be placed on a slower trial track. Defendants argue that Plaintiffs will not be "irreparably harmed" by a delay or a loss in income that they eventually recover; however, the standard is "substantial injury," not "irreparable harm." See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). A stay in proceedings pending appeal will likely mean that Plaintiffs will have a complaint on file for over a year without having received an answer.

### D. Public Interest

In a case such as this, where a party is seeking a stay to appeal the denial of a motion to compel arbitration, the court concludes that the public interest ultimately tips the balance in favor of the appealing party. Congress, through the FAA, has expressed that arbitration is in the public interest. See A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992). By specifically allowing for an immediate appeal from a decision denying arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before time and money is spent in litigation.

//
//
//
//
//

## Conclusion

In light of the fact that the Ninth Circuit has not yet considered <u>Discover Bank</u>, and that a stay in proceedings would be consistent with the public interest and federal policy favoring arbitration, the court hereby **GRANTS** Defendants' motion for a stay of proceedings pending appeal.

**IT IS SO ORDERED.**

DATED: 3/8 , 2006

JEFFREY T. MILLER
United States District Judge

cc: all parties