# ADDENDUM IV

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CERVANTES, <br><br> Plaintiff, <br> vs. <br><br> PACIFIC BELL WIRELESS et al., <br><br> Defendant. | CASE NO. 05 CV 01469 JM (RBB) <br><br> ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL |

## Background

On January 10, 2006, this court denied Defendant Cingular's motion to compel arbitration and ordered Defendant to file an answer to the complain within thirty days. On January 19, 2006, Defendant filed a notice of appeal with the Ninth Circuit and moved to stay the proceedings in this court while the appeal is pending.

## Analysis

A court order denying a motion to compel arbitration is immediately appealable. See 9 U.S.C. § 16(a)(3) (West 2005). Consistent with the federal policy favoring arbitration, "[s]ection 16 of [the Federal Arbitration Act] 'endeavors to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration.'" Bushley v. Credit Suisse First Boston, 360 F.3d 1149, 1153 (9th Cir. 2004) (quoting Augustea Impb Et Salvataggi v. Mitsubishi Corp., 126 F.3d 95, 98 (2d Cir. 1997); 15B Charles Alan Wright, et al, Federal Practice & Procedure § 3914.17 (2d ed. 1992). A district court is not required to stay proceedings pending the appeal. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). "The system created by the Federal Arbitration Act

allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." Id. Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's success on the merits; (2) whether the moving party will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

### A. Likelihood of Success on the Merits

According to their papers, Defendant intends to appeal the question of whether Section 2 of the Federal Arbitration Act preempts application of Discover Bank. Although Defendant cites cases in other jurisdictions that have accepted its argument, precedent suggests that this argument has already been addressed and rejected in the Ninth Circuit. See Ting v. AT&T, 319 F.3d 1126, 1152 (9th Cir. 2003) (rejecting the argument that California's unconscionability law was "inherently hostile" to arbitration); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1175 (9th Cir. 2003) ("[T]his ban on class-wide arbitration is patently one-sided and, and [we] conclude that it is substantively unconscionable."). Moreover, the Ninth Circuit has stated that "[w]e disagree with the California Court of Appeal's recent analysis in [Discover Bank]. Because unconscionability is a generally applicable contract defense, it may be applied to invalidate an arbitration agreement without contravening § 2 of the FAA." Ting v. AT&T, 319 F.3d 1126, 1150, n.15 (9th Cir. 2003). However, the Ninth Circuit has not yet published a decision that affirms or rejects the reasoning of Discover Bank with respect to preemption.

### B. Irreparable Harm to Defendant

Undoubtedly, Defendant will suffer irreparable harm without a stay of proceedings. It will be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration. Although the costs are less than if Defendant could not appeal until after trial, these are still costs that Defendant would have avoided had the case proceeded to arbitration. See Alascom v. ITT N. Elec. Co., 727 F.2d 1419, 1422 (9th Cir. 1984) ("If [the party seeking to appeal] must undergo the expense and delay of a trial before being able to appeal, the

| 1 | advantages of arbitration– speed and economy– are lost forever."). |
| 2 | C. <u>Substantial Injury to Plaintiff</u> |

Defendant maintains that a stay will not cause Plaintiff to suffer a significant financial hardship because her damages are only small, individual charges, on the order of $1.99 per text message. However, the fact that Plaintiff has only suffered a small monetary loss does not, in itself, justify delaying Plaintiff's right to seek relief. Plaintiff has been waiting nearly six months to receive an answer to her complaint and she has a right to resolve her claims.

D. <u>Public Interest</u>

In a case such as this, where a party is seeking a stay to appeal the denial of a motion to compel arbitration, the court concludes that the public interest tips in favor of the appealing party. Congress, through the FAA, has expressed that arbitration is in the public interest. See <u>A.G. Edwards & Sons, Inc. v. McCollough</u>, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992). By specifically allowing for an immediate appeal from a decision denying arbitration, Congress has further indicated that all questions of whether a dispute should be arbitrated should be resolved before time and money is spent in litigation.

**Conclusion**

In light of the fact that the Ninth Circuit has not yet considered <u>Discover Bank</u>, and that a stay in proceedings would be consistent with the public interest and federal policy favoring arbitration, the court hereby **GRANTS** Defendant's motion for a stay of proceedings pending appeal.

**IT IS SO ORDERED.**
DATED: 3/8 , 2006

JEFFREY T. MILLER
United States District Judge

cc: all parties