1  DONALD M. FALK (SBN 150256)
    dfalk@mayerbrown.com
2  RENA CHNG (SBN 209665)
    rchng@mayerbrown.com
3  MAYER BROWN LLP
   Two Palo Alto Square, Suite 300
4  3000 El Camino Real
   Palo Alto, CA  94306-2112
5  Telephone:  (650) 331-2000
   Facsimile:   (650) 331-2060
6

7  VICTORIA R. COLLADO (*pro hac vice*)
    vcollado@mayerbrown.com
8  SARAH E. REYNOLDS (*pro hac vice*)
    sreynolds@mayerbrown.com
9  MAYER BROWN LLP
   71 South Wacker Drive
10 Chicago, IL  60606
   Telephone:  (312) 701-0700
11 Facsimile:   (312) 701-7711

12 Attorneys for Defendant AT&T MOBILITY LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER, | Case No.: C 07-04486 SBA |
| Plaintiffs, | [PROPOSED] ORDER |
| v. | |
| APPLE COMPUTER, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Before the Court is defendant AT&T Mobility LLC's ("ATTM") motion to stay these proceedings pending resolution of ATTM's appeal of this Court's denial of ATTM's motion to compel arbitration. For the reasons that follow, the motion for a stay pending appeal is GRANTED.

- 1 -

[PROPOSED] ORDER
CASE NO. CV 07-04486 SBA

Dockets.Justia.com

## Background

In June 2007, plaintiffs Zoltan and Ynez Stiener purchased two iPhones. In August 2007, the Stieners filed this putative class action against Apple Computer, Inc ("Apple") and ATTM. *See* Docket No. 1. They allege that defendants violated California consumer-protection statutes and a variety of common-law doctrines by "failing to inform a nationwide group of initial purchasers of the iPhone cellular telephone that fees of over $100 would be required to replace the iPhone battery and maintain service while the battery was being replaced." Docket No. 1 (Compl. ¶1). The plaintiffs maintain that Apple and ATTM failed to disclose adequately the details of the iPhone battery-replacement program, thus violating California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 *et seq.* (Compl. ¶¶58-59), and breaching an implied warranty of merchantability, CAL. COMM. CODE § 2314 (Compl. ¶¶49-52). Plaintiffs also allege breach of contract (Compl. ¶¶45-48) and fraudulent concealment (Compl. ¶¶53-57). They seek to represent a class consisting of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action bought and implemented the iPhone and sustained damages as a result." Compl. ¶32.

To use their iPhones with defendant ATTM's wireless service, the Stieners were required to activate them online and agree to the Terms of Service, which contain an arbitration provision.

On November 21, 2007, ATTM filed a motion to compel arbitration and dismiss the plaintiffs' claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Docket No. 38. On March 12, 2008, this Court denied the motion. Docket No. 59. On March 17, 2008, ATTM filed a notice of appeal from the denial of that motion. Docket No. 60. ATTM now moves to stay the proceedings against it pending the outcome of its appeal.

## Legal Standard

The FAA permits an immediate appeal of an order denying a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B) ("An appeal may be taken from ... an order ... denying a petition ... to order arbitration to proceed"). When a party is appealing from the denial of a motion to compel arbitration, a district court may stay proceedings pending appeal if the appeal presents a "substantial" question. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

**Analysis**

The Court finds that a stay of proceedings against ATTM is appropriate here.

First, ATTM's appeal presents a substantial question. While the Court does not agree with ATTM's argument that its new arbitration provision is materially distinguishable from the earlier version that was involved in *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007), it nevertheless agrees that the appeal raises a substantial question for the Ninth Circuit's consideration.

The balance of the equities also tips in favor of granting a stay. ATTM would suffer irreparable harm if litigation against it, including discovery, pre-trial motions, and perhaps even a trial, were to move forward and subsequently the Ninth Circuit or U.S. Supreme Court reverses the Court's holding. By contrast, plaintiffs' claims are small, so a delay in having them adjudicated does not threaten plaintiffs with substantial harm.

Finally, the public interest supports granting a stay for two reasons. First, there is a strong federal policy favoring arbitration. *Preston v. Ferrer*, 128 S. Ct. 978, 983 (2008). Second, considerations of judicial economy support a stay to preserve the Court's and parties' resources. The Court agrees with the other federal district courts in California that have held that it is fully appropriate to stay proceedings rather than requiring the parties to assume the burdens of litigation that may ultimately be for naught if the result of the appeal is to send the dispute between ATTM and plaintiffs to arbitration. *See Winig v. Cingular Wireless LLC*, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006); *Sasik v. AT & T Wireless Servs., Inc.*, CV 05-2346 ABC (C.D. Cal. Nov. 1, 2006); *Stern v. Cingular Wireless LLC*, 2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006); *Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167-DMS-AJB, at 5 (S.D. Cal. Mar. 14, 2006); *Ford v. Verisign, Inc.*, No. 05 CV 0819 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006); *Cervantes v. Pacific Bell Wireless*, No. 05 CV 01469 JM (RBB), at 3 (S.D. Cal. Mar. 8, 2006).

**Conclusion**

ATTM's motion for a stay of proceedings pending appeal is GRANTED. All proceedings against ATTM are hereby STAYED pending the resolution of ATTM's appeal.

IT IS SO ORDERED.

_____        _____
      Date                                                                   Saundra Brown Armstrong
                                                                                  United States District Judge