H. TIM HOFFMAN (049141)
hth@hoffmanandlazear.com
ARTHUR W. LAZEAR (083603)
awl@hoffmanandlazear.com
MORGAN M. MACK (212659)
mmm@hoffmanandlazear.com
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: (510) 763-5700
Facsimile:  (510) 835-1311

MAX FOLKENFLIK, ESQ.
max@fmlaw.net
MARGARET McGERITY, ESQ.
MMcGerity@fmlaw.net
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone:    (212) 757-0400
Facsimile:    (212) 757-2010

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 07-04486 SBA<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT AT&T MOBILITY'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR STAY PENDING APPEAL<br><br>Date Filed:  March 24, 2008<br>Judge:  Honorable Saundra B. Armstrong |

## INTRODUCTION

Defendant AT&T Mobility ("ATTM") has filed a motion under Local Rule 7-11 for an administrative stay of proceedings related to ATTM in the above-captioned action pending its appeal to the Ninth Circuit Court of Appeals of this Court's order denying its motion to compel arbitration.

Dockets.Justia.com

The motion should be denied because ATTM's appeal is patently baseless, and this case has already endured undue delay arising from ATTM's insistence on staying all proceedings while it pursued its unmeritorious attempt to compel arbitration.

## FACTUAL BACKGROUND

The complaint in this action was filed on August 29. 2007. On September 18, 2007, defendant ATTM appeared in this action and filed a stipulation, which it had obtained following its request to Plaintiffs, extending its time to respond to the complaint. On November 6, 2007, ATTM filed a motion seeking a stay of its obligations under the Court's scheduling order, pending a resolution of its anticipated motion to compel arbitration. The motion to compel arbitration was filed on November 21, 2007, and on November 29, 2007 the Court granted ATTM's motion for a stay pending resolution of the motion to compel arbitration. On March 12, 2008, the Court denied ATTM's motion to compel arbitration. In a carefully reasoned 28-page decision, the Court noted that the Ninth Circuit court had previously invalidated a substantially similar arbitration clause employed by AT&T in *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007). The Court rejected ATTM's attempt to distinguish its present arbitration clause from the one found to be unconscionable in *Shroyer*. In its order, the Court issued a new schedule of case management and ADR deadlines.

On March 18, 2008, ATTM filed a Notice of Appeal of the Court's order denying its motion to compel arbitration. On March 24, 2008, ATTM filed a noticed motion for a stay pending appeal. At the same time, it filed the present administrative motion for a stay pending a resolution of its noticed motion.

## ARGUMENT

**ATTM Offers No Proper Basis to Stay This Proceeding Any Further**

This action has been pending for approximately seven months, and nothing has occurred to advance the litigation on the merits. Rather, the action has been stayed for virtually its entire life while ATTM pursued its baseless efforts to compel the parties to arbitrate the matter under its unenforceable arbitration clause. ATTM now wishes to hold up this litigation further in order to

continue pursuing the same unsuccessful claim that it can compel arbitration. This Motion should be denied, because ATTM has failed to provide good cause in support of its request for an additional stay of these proceedings.

In its order denying the motion to compel, this Court set a schedule that would finally permit this litigation to advance on the merits. Obviously, the Court believed that the time for procedural diversions had passed, and that it was time for the substantive litigation to proceed. Yet Defendant seeks to thwart that progress even further while it continues to rehash the same arguments made in support of its efforts to enforce its invalid arbitration clause.

In any motion where a party seeks an order that will cause a substantial disruption in the progress of the litigation, it is incumbent upon the moving party to make a substantial showing justifying the court's intervention. Specifically, in deciding whether to grant a stay or injunction pending appeal, the court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E.I. Dupont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987). See also *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the "harms" factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

Another court has held that the court, in ruling on a request for a stay, should consider the following factors:

> "(1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal? Without such a substantial indication of probable success, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review. (2) Has the petitioner shown that without such relief, it wil be irreparably injured? . . . (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? . . . (4) Where lies the public interest. . ." *Virginia Petroleum Jobbers Ass'n*

*v. FPC*, 259 F.2d 921 (D.C. Cir. 1958). See also *Washington Metropolitan Area Transit Comm. v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977).

Applying these standards, it is clear that ATTM has not made, and cannot make, any such showing. On the contrary, it is highly unlikely that the Court of Appeals will overturn this Court's order following the conclusion that the Court of Appeals reached on substantially identical facts in *Shroyer,* and ATTM cannot make any showing of substantial irreparable injury if this action is allowed to proceed..

It should also be noted that there is no basis at all for staying the litigation between Plaintiffs and defendant Apple. Inc. ATTM appears to acknowledge this fact in that its requested stay applies only to "all proceedings related to ATTM." Thus, if the requested stay were granted, the litigation would still proceed as to the claims against Apple, Inc. The result would be a chaotic state of affairs with litigation proceeding on two different tracks as to two co-defendants on the basis of the same claims. ATTM cannot justify such an inefficient result on the basis of its desire to continue litigating its rejected claims regarding the validity of its arbitration clause.

## **CONCLUSION**

For the foregoing reasons, the Court is respectfully urged to deny the administrative motion of AT&T Mobility for a stay of these proceedings pending resolution of its noticed motion for a stay.

Dated: March 27, 2008,                               Respectfully submitted,

HOFFMAN & LAZEAR

By:    /s/ Arthur W. Lazear
          Arthur W. Lazear

H. TIM HOFFMAN (049141)
hth@hoffmanandlazear.com
ARTHUR W. LAZEAR (083603)
awl@hoffmanandlazear.com
MORGAN M. MACK (212659)
mmm@hoffmanandlazear.com
**HOFFMAN & LAZEAR**

180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

MAX FOLKENFLIK, ESQ.
max@fmlaw.net
MARGARET McGERITY, ESQ.
MMcGerity@fmlaw.net
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010

Attorney for Plaintiffs ZOLTAN STIENER and YNEZ STIENER

PLAINTIFFS' OPPOSITION TO DEFENDANT AT&T MOBILITY'S ADMINISTRATIVE MOTION TO STAY
PROCEEDINGS PENDING RESOLUTION OF MOTION FOR STAY PENDING APPEAL

-5-