PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
JOHANNA W. ROBERTS (CA SBN 191472)
(JRoberts@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
APPLE INC.

MAX FOLKENFLIK
MARGARET MCGERITY
FOLKENFLIK & MCGERITY
1500 Broadway, 21st Floor
New York, New York 10036
Telephone: 212.757.0400

H. TIM HOFFMAN
ARTHUR W. LAZEAR
MORGAN M. MACK
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: 510.763.5700

*Attorneys for Plaintiffs*
ZOLTAN STIENER and YNEZ STIENER

DONALD M. FALK (SBN 150256)
  dfalk@mayerbrown.com
RENA CHNG (SBN 209665)
  rchng@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

*(Additional counsel listed on following page)*

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-04486-SBA

1

1  VICTORIA R. COLLADO (*pro hac vice*)
     vcollado@mayerbrown.com
2  SARAH E. REYNOLDS (*pro hac vice*)
     sreynolds@mayerbrown.com
3  MAYER BROWN LLP
   71 South Wacker Drive
4  Chicago, IL  60606
   Telephone:  (312) 701-0700
5  Facsimile:   (312) 701-7711

6  *Attorneys for Defendant*
   AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> APPLE, INC., AT&T MOBILITY, LLC, and DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | Case No.   C 07-04486-SBA <br><br> **CLASS ACTION** <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:  March 5, 2008 <br> Hon.   Saundra B. Armstrong <br><br> Complaint filed:    August 29, 2007 |

Pursuant to Civil L.R. 16-9 , the parties to the above-entitled action, Plaintiffs Zoltan Stiener and Ynez Stiener ("Plaintiffs") and Defendant Apple Inc. ("Apple") and Defendant AT&T Mobility LLC, jointly submit this Case Management Statement ("ATTM").

Defendant ATTM has appealed from this Court's order denying ATTM's motion to compel arbitration and has moved to stay proceedings against ATTM pending resolution of its appeal.  The motion for a stay pending appeal is set for hearing on April 29, 2008.  ATTM has also filed an administrative motion for an interim stay of proceedings against ATTM until this Court decides the motion for a stay pending appeal; that administrative motion is fully briefed and has been submitted to the Court.  ATTM renews its request for a stay here, and states that it is participating in this joint report to comply with the Court's Order of March 12, 2008;  by so

doing, ATTM does not waive its right to compel plaintiffs to arbitrate their claims in accordance with their arbitration agreements. Plaintiffs have opposed the Administrative Motion and oppose any stay on the ground that the issue being appealed has been conclusively decided by the Ninth Circuit in *Shroyer v. New Cingular Wireless Servs.*, 498 F.3d 976 (9th Cir. 2007), and the differences between the agreement in that case and the agreement at issue in this case have been found by this Court to be illusory. Thus, there is no purpose to be served by granting a stay and delay this case while defendant pursues a baseless appeal.

**1.  JURISDICTION AND SERVICE**

Plaintiffs' complaint asserts jurisdiction on the basis of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). There are no issues as to venue or personal jurisdiction. All parties have been served.

**2.  FACTUAL ISSUES**

Apple's iPhone went on sale in the United States on June 29, 2007. Plaintiffs claim to have purchased iPhones on that day. The principal factual disputes in this case surround (a) the disclosure of the costs and details of what Defendants' characterize as the out-of-warranty battery replacement program for the iPhone, and (b) whether the costs and procedures of replacing the iPhone battery out-of-warranty violate any express or implied warranties, or California Unfair Competition Law ("UCL") § 17200. Apple contends that it disclosed this information in numerous places and that these disclosures were available to plaintiffs and any potential purchaser from the day the iPhone first went on sale. Apple intends to file a Motion for Summary Judgment establishing that such disclosures were made and that there is no factual or legal basis for all of plaintiffs' claims. Other factual issues include whether plaintiffs relied on any purported misrepresentations of material fact or any representations that omitted material facts, and whether any such misrepresentations or omissions caused the plaintiffs to suffer any damages. Plaintiffs do not believe individual reliance is an issue in this case, and that reliance may be proven on a class wide basis based upon materiality.

## 3. LEGAL ISSUES

On March 12, 2008, the Court denied Defendant ATTM's motion to compel plaintiffs to arbitrate their claims against ATTM. On March 18, 2008, ATTM filed a notice of appeal pursuant to 9 U.S.C. 16, which authorizes an immediate appeal from the denial of a motion to compel arbitration. ATTM's appeal is currently pending before the Ninth Circuit (No. 08-15612). ATTM has filed a motion with this Court requesting a stay of further proceedings against ATTM in this action pending the resolution of its appeal.

The primary legal issues on the merits are whether plaintiffs can establish any basis for their claims for breach of contract, violation of the implied warranty of merchantability, fraudulent concealment, and violation of UCL § 17200. As noted above, Apple intends to file an early summary judgment motion on the basis that its comprehensive disclosures negate any such claims.

Defendants contend other legal issues include, but are not limited to, whether a class action can be maintained and whether plaintiffs or class members suffered actual injury.

## 4. MOTIONS

Defendant ATTM has a pending motion to stay proceedings against it pending the resolution of its appeal to the Ninth Circuit from this Court's denial of its motion to compel arbitration. That motion is scheduled for hearing on April 29, 2008, although ATTM is prepared to proceed on an accelerated briefing and hearing schedule if the Court desires. ATTM has also filed an administrative motion seeking an interim stay of proceedings against it until the resolution of its motion to stay. That motion has been submitted, and the parties are awaiting the Court's decision.

Apple intends to file a Motion for Summary Judgment on the grounds that its disclosures of the iPhone battery replacement program negate each of plaintiffs' claims and preclude any basis for relief in this case.

If the Court does not grant ATTM's administrative motion for an interim stay, ATTM will have until April 22, 2008 to respond to the Complaint.

**5.     AMENDMENT OF PLEADINGS**

At this time, the parties do not anticipate amendments to the pleadings.

**6.     EVIDENCE PRESERVATION**

Defendants Apple and ATTM issued a litigation hold at the outset of the case.

**7.     DISCLOSURES**

No disclosures have been made at this time. ATTM objects to providing initial disclosures and believes that it should neither provide nor receive initial disclosures until the resolution of its appeal to the Ninth Circuit. Apple objects to providing initial disclosures at this time and believes that initial disclosures and comprehensive discovery should be deferred pending resolution of Apple's early summary judgment motion.

**8.     DISCOVERY**

The parties have not engaged in formal discovery. In light of Apple's intent to file an early summary judgment motion on all causes of action, Apple believes that judicial economy would be served by phasing discovery. Apple believes discovery should be limited to issues necessary to the resolution of its summary judgment motion, and if the motion is denied, more comprehensive discovery can then be undertaken. Plaintiffs believe that the motion as described by Apple, is unlikely to be granted because the nature of the alleged "disclosures" and their inadequacy as a matter of law. Even if granted, the motion will not resolve all issues in the case and in all events it is inappropriate to have limitations on discovery simply because a party announces its intention to move for summary judgment.

Defendant ATTM believes that discovery to and from ATTM should be stayed pending the resolution of its appeal to the Ninth Circuit. Plaintiffs do not believe that any stay is warranted given that in Plaintiffs view the appeal is baseless. Plaintiffs believe that in all events, discovery would be allowed from Defendant ATTM as a third-party in the suit against Apple which is not stayed. Therefore, Plaintiffs believe no stay of discovery is warranted.

**9.     CLASS ACTIONS**

Plaintiffs contends that this action can be maintained as a class action under Federal Rules of Civil Procedure, Rule 23(a) and (b), and Plaintiffs bring this nationwide class action on behalf

of themselves and all individuals or entities who "bought and implemented the iPhone and sustained damages as a result." (Compl. ¶ 32.)

Apple and ATTM contend that this action cannot properly be maintained as a nationwide class action. ATTM contends that, because plaintiffs have agreed to resolve their disputes through individual arbitration, they are not entitled to pursue a class action against ATTM. Moreover, ATTM contends that all putative class members are subject to enforceable agreements to arbitrate, rendering class certification inappropriate. In addition, Apple believes that any ruling on class certification should be deferred pending the California Supreme Court's resolution of *Pfizer v. Superior Court*, 141 Cal. App. 4th 290 (July 11, 2006), *review granted , de-published by,* S145775, 2006 Cal. LEXIS (Nov. 1, 2006) and *In re Tobacco II Cases*, 142 Cal. App. 4th 891 (Sept. 5, 2001), *review granted, de-published by Tobacco II Cases*, S147345, 2006 Cal. LEXIS 13332 (Oct. 26, 2006). Apple contends, both the plaintiffs' ability to certify a class and the scope of discovery will be substantially influenced by the outcome of these cases.

Plaintiffs believe that the arbitration clause cited by Defendant ATTM is unenforceable and presents no impediment to class certification. Plaintiffs do not believe the cases cited by Defendant Apple will dispose of the claims made in the complaint in this case and that a stay while this issue is determined would be inappropriate. *See True v. Am. Honda Motor Co.*, Case No. 07-287-VAP, at 14-15, 2007 U.S. Dist. LEXIS 74885 (C.D. Cal. June 22, 2007) (denying motion to dismiss UCL and CLRA claims); *Sanchez v. Wal-Mart Stores, Inc.*, Case No. CIV S-06-CV-2573 DFL KJM, 2007 U.S. Dist. LEXIS 33746, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007) (same); *Bristow v. Lycoming Engines*, Case No. CIV. S-06-1947 LKK GGH, 2007 U.S. Dist. LEXIS 31350, 2007 WL 1106098, at *7 (E.D. Cal. Apr. 10, 2007) (same); *Trew v. Volvo Cars of N. Am.*, LLC, Case No. CIV-S-05-1379 DFL PAN, 2006 U.S. Dist. LEXIS 4890, 2006 WL 306904, at *5-6 (E.D. Cal. Feb. 8, 2006) (same).

**10.     RELATED CASES**

A related case is pending in the United States District Court for the Northern District of Illinois, *Trujillo v. Apple Computer Inc.,* Case No. 07-CV-04946. This case was removed to federal court on August 31, 2007. Apple filed a Motion for Summary Judgment in *Trujillo* on

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-04486-SBA

6

December 7, 2007.  That motion is on the same grounds as Apple's summary judgment motion to be filed in this case — that Apple's disclosures related to the iPhone battery preclude the alleged claims.  Plaintiff and Apple are engaged in discovery in *Trujillo*, limited to the resolution of such motion.

ATTM filed a motion to compel arbitration in *Trujillo*, that has been fully briefed. ATTM's pre-trial obligations in *Trujillo* have been stayed pending a decision on its motion to compel arbitration.

**11. RELIEF**

Plaintiffs' Complaint seeks consequential damages, restitution, an accounting, and reasonable attorney fees and expenses.  Apple and ATTM dispute that any basis exists for such relief.

**12. SETTLEMENT AND ADR**

The parties filed ADR certifications on November 14, 2007, along with a Joint Notice of Need for ADR Phone Conference.

**13. CONSENT TO MAGISTRATE JUDGE**

The parties decline assignment to a magistrate judge.

**14. OTHER REFERENCES**

At this point, the parties see no basis for other references.

**15. NARROWING OF ISSUES**

As noted above, Apple intends to file an early summary judgment motion.

**16. EXPEDITED SCHEDULE**

Defendants do not believe that this putative class action is the type of case that can be handled on an expedited basis with streamlined procedures.  Plaintiffs disagree.

**17. SCHEDULING**

Defendants believe that initial disclosures and comprehensive discovery should be deferred pending resolution of Apple's early summary judgment motion as well as resolution of the appeal of this Court's Order denying ATTM's motion to compel arbitration.  Plaintiffs believe That initial disclosures and comprehensive discovery should commence.

**18.     TRIAL**

Given the pending appeal of this Court's denial of ATTM's motion to compel arbitration and Apple's proposed summary judgment motion, Defendants believe that it is difficult to address trial considerations at this point. Apple estimates that the length of trial would be 15-20 days. Plaintiffs estimate 5 to 7 trial days.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Apple filed its Certificate of Interested Entities or Persons on October 19, 2007, stating: "Apple has no parent corporation. According to Apple's Proxy Statement filed with the United States Securities and Exchange Commission in April 2007, there are no beneficial owners that hold more than 10% of Apple's outstanding common stock."

ATTM filed its Certificate of Interested Entities or Persons on November 11, 2007, stating "AT&T is a Delaware limited liability company" and "[n]o publicly held corporation owns 10% or more of its stock."

**20.     OTHER**

The parties have no other case management issues at this time.

| | | |
|---|---|---|
| Dated: April 3, 2008 | | PENELOPE A. PREOVOLOS<br>ANDREW D. MUHLBACH<br>JOHANNA W. ROBERTS<br>MORRISON & FOERSTER LLP |

By: /s/ Penelope A. Preovolos
Penelope A. Preovolos

*Attorneys for Defendant*
APPLE INC.

Dated: April 3, 2008

H. TIM HOFFMAN
ARTHUR W. LAZEAR
MORGAN M. MACK
HOFFMAN & LAZEAR

MAX FOLKENFLIK
MARGARET McGERITY
FOLKENFLIK & McGERITY

By: /s/ Max Folkenflik
Max Folkenflik

*Attorneys for Plaintiffs*
ZOLTAN STIENER AND YNEZ STIENER

Dated: April 3, 2008

DONALD M. FALK
RENA CHNG
MAYER BROWN LLP

VICTORIA R. COLLADO (*pro hac vice*)
SARAH E. REYNOLDS (*pro hac vice*)
MAYER BROWN LLP

By: /s/ Victoria Collado
Victoria Collado

*Attorneys for Defendant*
AT&T MOBILITY LLC

I, Penelope A. Preovolos, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45.X.B, I hereby attest that Max Folkenflik and Victoria Collado have concurred in this filing.

Dated: April 3, 2008

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
JOHANNA W. ROBERTS
MORRISON & FOERSTER LLP

By: /s/ Penelope A. Preovolos
    Penelope A. Preovolos

*Attorneys for Defendant*
APPLE INC.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-04486-SBA

10