| | |
|---|---|
| 1 | H. TIM HOFFMAN (049141) |
| | hth@hoffmanandlazear.com |
| 2 | ARTHUR W. LAZEAR (083603) |
| | awl@hoffmanandlazear.com |
| 3 | MORGAN M. MACK (212659) |
| | mmm@hoffmanandlazear.com |
| 4 | **HOFFMAN & LAZEAR** |
| | 180 Grand Avenue, Suite 1550 |
| 5 | Oakland, California 94612 |
| | Telephone: (510) 763-5700 |
| 6 | Facsimile: (510) 835-1311 |
| 7 | MAX FOLKENFLIK, ESQ. |
| | max@fmlaw.net |
| 8 | MARGARET McGERITY, ESQ. |
| | MMcGerity@fmlaw.net |
| 9 | **FOLKENFLIK & MCGERITY** |
| | 1500 Broadway, 21st Floor |
| 10 | New York, NY 10036 |
| | Telephone: (212) 757-0400 |
| 11 | Facsimile: (212) 757-2010 |
| 12 | Attorneys for Plaintiffs |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ZOLTAN STIENER and YNEZ STIENER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> APPLE, INC., AT&T MOBILITY, LLC, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: C 07-04486 SBA <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANT AT&T MOBILITY'S MOTION TO STAY PROCEEDINGS PENDING APPEAL <br><br> Date Filed: April 29, 2008 <br> Time: 1:00 p.m. <br> Judge: Honorable Saundra B. Armstrong |

# INTRODUCTION

Defendant AT&T Mobility ("ATTM") has filed a motion to stay the pending litigation between itself, Plaintiffs and Apple Computer, Inc. while ATTM pursues an appeal to the Ninth Circuit Court of Appeals of this Court's order denying its motion to compel arbitration. The motion should be denied because ATTM's appeal is patently baseless, and this case has already endured undue delay arising from ATTM's insistence on staying all proceedings while it pursued its unmeritorious attempt to compel arbitration.

# FACTUAL BACKGROUND

The complaint in this action was filed on August 29. 2007. On September 18, 2007, defendant ATTM appeared in this action and filed a stipulation, which it had obtained following its request to Plaintiffs, extending its time to respond to the complaint. On November 6, 2007, ATTM filed a motion seeking a stay of its obligations under the Court's scheduling order, pending a resolution of its anticipated motion to compel arbitration. The motion to compel arbitration was filed on November 21, 2007, and on November 29, 2007 the Court granted ATTM's motion for a stay pending resolution of the motion to compel arbitration. On March 12, 2008, the Court denied ATTM's motion to compel arbitration. In a carefully reasoned 28-page decision, the Court noted that the Ninth Circuit court had previously invalidated a substantially similar arbitration clause employed by AT&T in *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007). The Court rejected ATTM's attempt to distinguish its present arbitration clause from the one found to be unconscionable in *Shroyer*. In its order, the Court issued a new schedule of case management and ADR deadlines.

On March 18, 2008, ATTM filed a Notice of Appeal of the Court's order denying its motion to compel arbitration. On March 24, 2008, ATTM filed the present motion for a stay pending appeal.

/ / / / /

/ / / / /

/ / / / /

# ARGUMENT

## I. ATTM Cannot Show that Its Appeal Is Likely to Prevail or that it Raises Substantial Questions.

This action has been pending for approximately seven months, and nothing has occurred to advance the litigation on the merits. Rather, the action has been stayed for virtually its entire life while ATTM pursued its baseless efforts to compel the parties to arbitrate the matter under its unenforceable arbitration clause. ATTM now wishes to hold up this litigation further in order to continue pursuing the same unsuccessful claim that it can compel arbitration. This Motion should be denied, because ATTM has failed to provide good cause in support of its request for an additional stay of these proceedings.

In its order denying the motion to compel, this Court set a schedule that would finally permit this litigation to advance on the merits. Obviously, the Court believed that the time for procedural diversions had passed, and that it was time for the substantive litigation to proceed. Yet Defendant seeks to thwart that progress even further while it continues to rehash the same arguments made in support of its efforts to enforce its invalid arbitration clause.

In general, when a party seeks an order that will cause a substantial disruption in the progress of the litigation, it is incumbent upon the moving party to make a substantial showing justifying the court's intervention. Specifically, in deciding whether to grant a stay or injunction pending appeal, the court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E.I. Dupont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987). See also *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the "harms" factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

Another court has held that the court, in ruling on a request for a stay, should consider the following factors:

"(1) Has the petitioner made a strong showing that it is likely to

prevail on the merits of its appeal? Without such a substantial indication of probable success, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review. (2) Has the petitioner shown that without such relief, it will be irreparably injured? . . . (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? . . . (4) Where lies the public interest. . ." *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921 (D.C. Cir. 1958). See also *Washington Metropolitan Area Transit Comm. v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977).

Applying these standards, it is clear that ATTM has not made, and cannot make, any such showing. On the contrary, it is highly unlikely that the Court of Appeals will overturn this Court's order, which follows the conclusion that the Court of Appeals reached on substantially identical facts in *Shroyer*.

In this Circuit, the Court of Appeals has dealt with the issue of a stay in the context of an appeal of the District Court's order denying a motion to compel arbitration. In *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990), the court held that an appeal seeking review of an order refusing to compel arbitration did not divest the district court of jurisdiction to proceed on the merits of the case, and that a stay would not automatically issue solely on the basis of the filing of an appeal. 916 F.2d at 1412.

ATTM argues that a stay should issue despite this holding because the *Britton* court recognized that it was within the discretion of the trial court ro issue a stay when it finds that "the motion presents a substantial question." *Id.* ATTM then argues that its motion presents a substantial question and should thus result in a stay. The arguments that ATTM advances in support of this claim, however, would allow the exception noted by the Ninth Circuit Court to swallow the rule. All of the reasons given by ATTM for its claim that it has raised a substantial question would be equally applicable to any other appeal from an order refusing to compel arbitration. While ATTM contends

that its appeal is particularly strong, it is evident that the opposite is, in fact, true.

As discussed previously, the arbitration clause at issue herein is virtually identical to the one that the same business entity attempted to enforce in *Shroyer, supra*. The Ninth Circuit refused to enforce that clause in *Shroyer*. Although ATTM claims that its arbitration clause is saved by a minor modification that was made subsequent to the *Shroyer* decision, it is clear, as this Court has found, that the clause still retains the fatal deficiencies that led to its rejection in *Shroyer*. Any party that appeals the denial of a motion to compel arbitration is likely to claim that its position is substantial and meritorious. Such a claim is, however, not enough to make each such case fit the exception justifying a stay of the proceedings in the trial court. Like any other party in that position, ATTM maintains that its appeal raises substantial question. If anything, however, ATTM's position is less tenable than that of the average appellant on such a motion. While all such appellants insist that the District Court was wrong in rejecting their arbitration clauses, few are in the position of ATTM, whose clause was rejected in substantially identical form by the Court of Appeals as well. Thus, where ATTM is required to show that its appeal presents an unusually strong case for reversal, it is instead the case that ATTM has an especially difficult case on appeal.

Recognizing that the law in this Circuit does not favor the granting of a stay pending appeals such as the one that ATTM is pursuing, and that this Circuit has already rejected an arbitration clause nearly identical to the one that ATTM is promoting, ATTM turns to decisions by courts in other jurisdictions. It suggests that its arbitration clause has been upheld by a court applying Arkansas law. Unfortunately for ATTM, the Ninth Circuit will not apply Arkansas law in this case. It will apply California law, as it did in *Shroyer*, and it will almost certainly reject that clause, as it rejected the earlier version of that clause in *Shroyer*.

Because ATTM cannot demonstrate a likelihood that it will prevail on appeal, or even that its appeal raises a substantial question justifying a stay of these proceedings, its motion for a stay pending appeal should be denied.

**II.     The Balance of Equities Does Not Support the Issuance of a Stay.**

ATTM also claims that a stay is warranted because the balance of equities supports the

granting of a stay. Plaintiffs submit that the equities actually support the denial of a stay in this matter.

ATTM cannot make any showing of substantial irreparable injury if this action is allowed to proceed.. It claims that it would suffer irreparable injury, but the injury that it describes is not substantial. It is simply the risk of engaging in litigation that would, in retrospect, prove unnecessary if ATTM prevails on its appeal. That risk is attendant on any appeal and, if it represented the kind of irreparable injury that justifies a stay, it would result in a stay in all cases involving such an appeal. As discussed previously, the rule in the Ninth Circuit is that a stay is not generally justified by such an appeal. Even ATTM recognizes that the cost of litigation is not ordinarily the kind of exigent circumstance that justifies a finding of irreparable harm, and ATTM can cite no authority from the Ninth Circuit holding otherwise. This case has already been delayed far too long by ATTM's attempts to enforce an unconscionable arbitration clause, and neither the parties nor the Court should be required to endure additional delays.

It should also be noted that there is no basis at all for staying the litigation between Plaintiffs and defendant Apple, Inc. Thus, if the requested stay were granted, the litigation would still proceed as to the claims against Apple, Inc. The result would be a chaotic state of affairs with litigation proceeding on two different tracks as to two co-defendants on the basis of the same claims. ATTM cannot justify such an inefficient result on the basis of its desire to continue litigating its rejected claims regarding the validity of its arbitration clause.

## **CONCLUSION**

For the foregoing reasons, the Court is respectfully urged to deny the motion of AT&T Mobility for a stay of these proceedings pending its appeal of this Court's order denying its motion to compel arbitration.

Dated: April 10, 2008    Respectfully submitted,

HOFFMAN & LAZEAR


By:  /s/ Arthur W. Lazear
     Arthur W. Lazear

H. TIM HOFFMAN (049141)
hth@hoffmanandlazear.com
ARTHUR W. LAZEAR (083603)
awl@hoffmanandlazear.com
MORGAN M. MACK (212659)
mmm@hoffmanandlazear.com
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

MAX FOLKENFLIK, ESQ.
max@fmlaw.net
MARGARET McGERITY, ESQ.
MMcGerity@fmlaw.net
**FOLKENFLIK & MCGERITY**
1500 Broadway, 21st Floor
New York, NY 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010

Attorney for Plaintiffs ZOLTAN STIENER and YNEZ STIENER