**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ZOLTAN STEINER, *et al.*, | No. C 07-04486 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 63] |
| APPLE COMPUTER, INC., *et al.*, | |
| Defendant. | |

**REQUEST BEFORE THE COURT**

Before the Court is defendant AT&T Mobility, LLC's Motion to Stay Proceedings Pending Appeal (the "Motion") [Docket No. 63]. Defendant AT&T Mobility, LLC ("AT&T"), seeks to stay these proceedings until the Ninth Circuit Court of Appeals disposes of AT&T's appeal of this Court's March 12, 2008 Order [Docket No. 59]; *Steiner v. Apple Computer, Inc.*, No. C 07-04486 SBA, slip op., 2008 WL 691720 (N.D. Cal. Mar. 12, 2008),[1] denying AT&T's Motion to Compel Arbitration and to Dismiss Claims Pursuant to the Federal Arbitration Act [Docket No. 38]. The Court finds this matter appropriate for resolution without a hearing under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court follows the general practice in the California district courts, and GRANTS the Motion.

**BACKGROUND**

On August 29, 2007, plaintiffs the Stieners sued, individually and on behalf of all others similarly situated, AT&T and Apple, Inc.[2] ("Apple") for breach of contract, violation of the implied warranty of merchantability, fraudulent concealment, and unfair competition under section 17200 *et seq.* of the California Business and Professions Code. Docket No. 1 at 1, ¶¶ 45-59 (Compl.). They alleged Apple's iPhone, sold by AT&T, has a battery inside which cannot be removed by consumer,

---

[1]  No LEXIS citation is available.

[2]  Apple has not filed any pleadings regarding the Motion.

but which must be replaced about once every year, at a cost of about $110. *Id.* ¶¶ 24-28. They further alleged they were not informed of these charges at or before purchase. *Id.* ¶¶ 30-31.

On November 21, 2007, AT&T filed a Motion to Compel Arbitration and to Dismiss Claims Pursuant to the Federal Arbitration Act. *See* Docket No. 38. On March 12, 2008, the Court denied this motion, holding AT&T's class arbitration waiver was unconscionable under *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007), which construing *Discover Bank v. Superior Court*, 36 Cal.4th 148, 113 P.3d 1100 (2005), had held a prior version of AT&T's class arbitration waiver was unconscionable. *See* Docket No. 59; *Steiner*, 2008 WL 691720. On March 18, 2008, AT&T appealed this Court's ruling to the Ninth Circuit. *See* Docket No. 60. And, on March 24, 2008, it filed the Motion seeking to stay these proceedings, pending the Ninth Circuit's disposition of its appeal. *See* Docket No. 63. In response, the Stieners filed their Memorandum in Opposition re Motion to Stay (the "Opposition"). *See* Docket No. 76.

**LEGAL STANDARD**

Under the Federal Arbitration Act, (the "FAA"), 9 U.S.C. § 1 *et seq.*, a party may take an interlocutory appeal from an order denying a motion to compel arbitration, but not an order granting such a motion. 9 U.S.C. § 16(a)(1)(B), (b)(2); *see Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1409-10 (9th Cir. 1990). "[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal."[3] *Id.* at 1412. If this were not the case:

> a defendant [could] stall a trial simply by bringing a frivolous motion to compel arbitration. The system created by the Federal Arbitration Act allows the district

---

[3] In its Motion, AT&T noted the Third, Seventh, Tenth, and Eleventh Circuits have held stays are automatic for interlocutory appeals arising from the denial of a motion to compel arbitration, while the Second and Ninth Circuits have held such stays are discretionary. Mot. at 4 n.2 (citing *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005); *Britton*, 916 F.2d 1405). AT&T also brought to this Court's attention an unpublished, or at least unreported, two-sentence per curiam opinion from the District of Columbia Circuit, appearing to side with the "automatic" camp. Mot. at 4 n.2 (citing *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924 (indicating unreported), 2002 U.S. App. LEXIS 25858 (indicating unpublished) (D.C. Cir. Dec. 12, 2002) (per curiam)).

court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration.

*Id.*

The factors regulating the issuance of a stay pending appeal are:

(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)

**ANALYSIS**

For the following reasons, the Court finds a stay is warranted.

**I.    AT&T has not made a strong showing it is likely to succeed on the merits.**

AT&T failed to address this issue, and instead merely argued its appeal raised a "substantial" and "non-frivolous" question. Mot. at 4:10-5:12. While the Court agrees with AT&T, it argued the wrong legal standard. Further, for the following reasons, the Court finds AT&T is unlikely to succeed on appeal. In making its argument, AT&T apparently misinterpreted *Britton*'s holding. The Ninth Circuit, in *Britton*, held the FAA allows a court to stay proceedings, pending an appeal from the denial of motion to compel arbitration, if the court "finds that the motion presents a substantial question." *Britton*, 916 F.2d at 1412. The Ninth Circuit did not define the term "substantial" but instead cited to two cases, *Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826 (D.C. Cir. 1987) and *C.B.S. Employees Fed. Credit Union v. Donaldson*, 716 F.Supp. 307 (W.D. Tenn. 1989).

In relying on *Pearce*, the Ninth Circuit noted in that case, the district court, after denying appellant's motion to compel arbitration, granted its motion for stay pending appeal because appellant's claim raised issues of first impression, and because appellant would suffer substantial harm if the action were not stayed." *Britton*, 916 F.2d at 1412 (citing *Pearce*, 828 F.2d at 829).

///

///

AT&T's appeal presents no issue of first impression,[4] so this aspect of *Pearce*, does not support its motion to stay. As for the issue of substantial harm, the Court addresses it in part II, *supra*.

In regards to *C.B.S.*, the Ninth Circuit noted the Western District of Tennessee had developed a test to determine whether a district court should stay trial proceedings, pending an appeal from the denial of a motion to stay proceedings, pending arbitration. *Britton*, 916 F.2d at 1412. In *C.B.S.*, the court adopted the four-pronged *Hilton* test noted *supra*. *C.B.S.*, 716 F.Supp. at 309. The *C.B.S.* court said the Supreme Court had adopted this test to determine whether a stay was appropriate, under Federal Rule of Civil Procedure 62(c), which addressed whether an injunction or modifications thereto, should stand, pending an appeal taken against that injunction or those modifications. *C.B.S.*, 716 F.Supp. at 309.

The *C.B.S.* court also held where an appellant could not show it would *likely succeed* on the merits, but could show it had made a *substantial case* on the merits, then a district court had the *discretion* to grant a stay, if the other three *Hilton* factors *strongly favored* interim relief. *Id.* at 309-10 (citing *Wash. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977)).[5]

In its Motion, AT&T argued the question of whether its class arbitration waiver was unconscionable or not, under California common law, was a substantial one, and certainly not frivolous, in essence because reasonable persons could disagree as to the answer.[6] *See* Mot.

---

[4] AT&T argued the Ninth Circuit has not yet addressed its allegedly new and improved version of its arbitration agreement, which was struck down in this matter. *See* Mot. at 4. The Court agrees, but notes AT&T has not fundamentally altered or cured the defects in its class arbitration waiver, which led to its demise in *Shroyer*. In other words, AT&T may have painted its house a different color, but the Ninth Circuit has been inside the house before.

[5] In contrast to AT&T, the Stieners correctly noted this applicable standard of law in their Opposition. Opp'n at 3:22-24. They also alleged, however, "the law in this Circuit does not favor the granting of a stay pending appeals[.]" Opp'n at 5:16. They did not, however, provide any legal support for their allegation, so the Court is unable to consider it.

[6] In support of this point, AT&T pointed the Court to a slip opinion from the Eastern District of Arkansas, construing Arkansas law, claiming it upheld the "provision" struck down by this Court. Mot. at 4:22-5:1 (citing *Davidson v. Cingular Wireless LLC*, No. 2:06CV00133-WRW, slip op., 2007 WL 896349, 2007 U.S. Dist. LEXIS 21040 (E.D. Ark. 2007)). As the Stieners correctly note, in this matter, the application of unconscionability must turn on the law of California, not Arkansas. Opp'n at 5:16-20.

at 4:15-19. AT&T based its argument on two allegedly disputed issues. First, whether the purported enhancements to its arbitration agreement allow it to survive *Shroyer*. And second, whether or not in light of *Preston v. Ferrer*, __ U.S. ___, 128 S.Ct. 978 (2008), the FAA preempts the alleged California requirement that arbitration agreements not have class arbitration waivers.[7] *Id.* at 5:1-12. In opposition, the Stieners argued AT&T was essentially relitigating the same class arbitration waiver struck down in *Shroyer*, and thus its question was unsubstantial. Opp'n at 4:27-5:15.

The Court partially agrees with the Stieners, in that AT&T is not likely to succeed on appeal. With regards to its first issue of the alleged "enhanced" arbitration agreement, under *Shroyer*, the Ninth Circuit is quite likely to strike it down. In regards to AT&T's second issue, the Ninth Circuit already dispensed with any and all preemption concerns in *Shroyer*, as discussed in this Court's previous Order. *See* Docket No. 59 at Analysis part III; *Steiner*, 2008 WL 691720 at *16-*17. Further, although *Preston* was unsettled law when AT&T submitted the opinion to the Court, just prior to the Court issuing its Order, the Court did note *Preston* did not address unconscionability. *See* Docket No. 59 at 8 n.7; *Steiner*, 2008 WL 691720 at *5 n.7.

Despite the foregoing, the Court also agrees with AT&T that it is reasonable to take the first issue up on appeal, not only because of its nature, but also to resolve an important issue of widespread consumer concern, at the appellate level, sooner rather than later. Because the Court finds AT&T's question is substantial, however, AT&T is only entitled to a stay, under *Britton*, if it is *strongly* favored under *Hilton*'s three other factors. The Court now turns to address them.[8]

---

[7] The Court notes California has never absolutely banned class arbitration waivers. *See* Docket No. 59 at 10; *Steiner*, 2008 WL 691720 at *6. Nor, does it condition the enforcement of an arbitration agreement on the absence of a class waiver. *See* Mot. at 5:10-12. Further, AT&T expressly provided if its class arbitration waiver failed, its entire arbitration agreement would fail. *See* Docket No. 59 at part III.E; *Steiner*, 2008 WL 691720 at *3. Thus, it is AT&T's unconscionable class arbitration waivers and its own non-severability clauses, which have caused it problems. Not any alleged blanket ban instituted by California.

[8] As an additional argument regarding the substantial nature of the issue giving rise to its appeal, AT&T argued the fact that section 16 of the FAA provides for interlocutory appeals from the denial of a motion to compel arbitration, but not the grant of such a motion, showed a Congressional preference for such appeals, which suggested its appeal must be substantial. Mot. at 2:27-4:1. As the Stieners correctly noted, AT&T was attempting to carve out an exception which would swallow the rule. Opp'n at 4:24-25. AT&T erred here by arguing public policy, rather than the merits of its appeal. *Hilton* considers the former under its fourth factor, not its second.

1  ///

2  **II.   AT&T would suffer substantial irreparable harm absent a stay.**

3  Turning to the second *Hilton* factor, AT&T argued if this matter were to go forward, it would
4  incur the cost of certain discovery processes which would generally not be allowed in arbitration.
5  Mot. at 5:22-6:2.  Further, if this matter were to proceeded to trial, and then the Ninth Circuit
6  reversed the Court's prior Order, then AT&T will have lost substantial time and money.  Mot.
7  at 6:2-7:19.  AT&T admitted that litigation expenses usually do not constitute "irreparable harm,"
8  but argued they do in this context, as this is the "harm" arbitration is designed to avoid.  *Id.*
9  at 6:25-28 (citing *C.B.S.*, 716 F.Supp. at 310).  Further, AT&T argued, this is exactly the harm to
10 which it would be exposed, absent a stay.  *Id.*

11 In Opposition, the Stieners concede AT&T would suffer irreparable injury, but not a
12 "substantial" irreparable injury, were this matter to proceed forward.  Opp'n at 6:3-5.  They argue all
13 litigation entails the risk of costs, and using this basis to justify a stay here would justify a stay in
14 every case where a court denied a motion to compel arbitration.  *Id.* at 6:5-9.  This, they argue,
15 would nullify *Britton*'s discretionary standard.  *Id.*  Lastly, they argue AT&T failed to provide any
16 case law providing litigation costs are "ordinarily" considered "irreparable harm."  *Id.* at 6:10-11.

17 Taking the Stiener's arguments in reverse order, AT&T did direct the Court to three
18 appellate cases, *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984),
19 *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505-06 (7th Cir.1997),
20 and *Lummus Co. v. Commonw. Oil Ref. Co.*, 273 F.2d 613, 613-14 (1st Cir. 1959),[9] which AT&T
21 alleged held litigation costs would constitute irreparable harm, under the circumstance presented
22 here.  Mot. at 6:21-7:13.  And, it urged the Court to follow other California districts which had
23 granted stays in similar situations.  Mot at 6:3-25 (citing *Winig v. Cingular Wireless LLC*, No.
24 C-06-4297 MMC, 2006 WL 3201047, *3, 2006 U.S. Dist. LEXIS 83116, *10 (N.D. Cal. Nov. 6,
25 2006) (unreported); *Sasik v. AT&T Wireless Servs., Inc.*, CV 05-2346 ABC, slip op. at 1 (C.D. Cal.

---

[9] Bound by *Britton*, the Court does not analyze this case, nor does not it address *Trefny v. Bear Sterns Sec. Corp.*, 243 B.R. 300 (S.D. Tex 1999), also raised by AT&T in discussing this *Hilton* factor.

6

Nov. 1, 2006); *Stern v. Cingular Wireless LLC*, No. CV 05-8842 CAS, 2006 WL 2790243, at *2, 2006 U.S. Dist. LEXIS 96312, *8 (C.D. Cal. Sept. 11, 2006) (unreported); *Laster v. T-Mobile USA, Inc.*, No. CV 05-1167 DMS AJB, 2006 U.S. Dist. LEXIS 88855, *1 (S.D. Cal. Mar. 14, 2006) (unreported);[10] *Cervantes v. Pac. Bell Wireless*, No. CV 06-01469 JM (RBB), slip op. at 3 (S.D. Cal. Mar. 8, 2006); *Ford v. Verisign, Inc.*, No. CV 05-0819 JM (RBB), slip op. at 5 (S.D. Cal. Mar. 8, 2006) (unreported)).

Putting aside the Stieners' third argument for the moment, the Court turns to their second argument that all litigations pose a risk of costs spent prior to a reversal on appeal. While the Stieners did not direct the Court to legal support for their argument, it nonetheless exists in *Bradberry v. T-Mobile USA, Inc.*, No. 06-6567 CW, 2007 WL 2221076, *3, 2007 U.S. Dist. LEXIS 58801, *11 (N.D. Cal. Aug. 2, 2007) (unreported). In *Bradberry,* the court held too many district courts, including *Winig*, *Laster*, and *Ford*, had given this factor's analysis short shrift, by simply deferring to *Alascom*.[11] *Bradberry*, 2007 WL 2221076 at *3, 2007 U.S. Dist. LEXIS 58801 at *10-*11. In *Alascom*, the Ninth Circuit considered a denied motion to compel arbitration, and held it would constitute "serious" irreparable harm for the defendant to proceed all the way to trial, then appeal, then find out the parties should have arbitrated, after having already lost the "advantages of arbitration -- speed and economy[.]" *Alascom*, 727 F.2d at 1422.

In *Bradberry*, however, the court noted *Alascom* preceded 1988 and 1990 amendments to the FAA which added the right of interlocutory appeal. *Bradberry*, 2007 WL 2221076 at *3 n.4, 2007 U.S. Dist. LEXIS 58801 at *10 n.4. And, the court in *Bradberry* noted that in 1990, *Britton*'s discretionary grant to the district courts, clearly modified *Alascom*, to the extent anyone previously read it as applying automatically. *Bradberry*, 2007 WL 2221076 at *3, 2007 U.S. Dist. LEXIS 58801 at *10-*11. Lastly, in *Bradberry*, the court addressed *Alascom*'s concern by denying the defendant's motion to stay without prejudice, so it could file it again should the matter proceed close to trial. *Bradberry*, 2007 WL 2221076 at *4, 2007 U.S. Dist. LEXIS 58801 at *11-*12.

---

[10]   No Westlaw citation is available.

[11]   *Sasik* and *Cervantes* also rely on *Alascom*. *Sasik*, CV 05-2346 ABC at *1; *Cervantes*, CV 06-01469 JM at *2-*3.

7

1  ///

2  ///

3  The Court in *Bradberry* also noted parties or courts in the Ninth Circuit should not rely on *Bradford-Scott Data Corp.*, for guidance in this area, as it expressly criticized and rejected *Britton*'s holding.[12]  *Bradberry*, 2007 WL 2221076 at *4, 2007 U.S. Dist. LEXIS 58801 at *11.

While the analysis in *Bradberry* is well reasoned, it is possible to find the costs of litigation, in the face of a denied motion to compel arbitration, will generally constitute irreparable harm, without nullifying *Britton*'s discretionary grant to the district courts.  In doing so, a court should distinguish between this *Hilton* factor, and the *Hilton* test as a whole.  Just because this factor will generally be satisfied in the special context of the denied motion to compel arbitration, does not mean the entire *Hilton* test will generally be satisfied.  All this means is that appellants who make a *strong showing they are likely to succeed on the merits*, will generally prevail on this second *Hilton* factor.  In contrast, appellants who merely have *substantial questions* on appeal, will have to show this factor *strongly* favors them, which will turn on the facts and circumstances of each case.

Turning to this issue, and the Stieners' first argument, that AT&T has not shown it would suffer *substantial* irreparable harm, the Court notes, as just discussed, *Hilton* only requires a showing of irreparable harm, not *substantial* irreparable harm.  Clearly, AT&T has met this burden, as it will suffer lost time and money, were the Ninth Circuit to reverse.  At the same time, however, because AT&T will not likely succeed on appeal, it must show the irreparable harm "strongly" favors a stay.  In this case, it has.  Were this matter to proceed, in addition to the standard costs and burden associated with consumer litigation, the Stieners would seek class certification, probably opposed by AT&T and Apple, possibly leading to another interlocutory appeal, or alternatively, to expensive and burdensome notification and certification procedures.

In addition, the Court finds almost every California district court to recently consider whether to stay a matter, pending appeal of an order denying a motion to compel arbitration, has issued a stay.  In addition to *Winig*, *Sasik*, *Stern*, *Laster*, *Cervantes*, and *Ford*, stays were issued in

---

[12]  *Ford* relies on *Bradford-Scott*, to find irreparable harm.  *Ford*, CV 05-0819 JM at *3-*4.

1 *Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111, *1 (N.D. Cal. Apr. 17, 2008),[13]
2 *Mundi v. Union Security Life Insurance Co.*, No. CV-F-06-1493 OWW TAG, 2007 WL 2385069,
3 *6, 2007 U.S. Dist. LEXIS 64012, *16-*17 (E.D. Cal. Aug. 15 or 17, 2007),[14] and *Jones v. Deutsche*
4 *Bank AG*, No. C 04-05357 JW, 2007 WL 1456041, *1, 2007 U.S. Dist. LEXIS 39094, *1 (N.D. Cal.
5 May 17, 2007).[15]  The only case the Court found denying a stay, besides *Bradberry*, was *Dunham v.*
6 *Environmental Chemical Corp.*, No. C06-03389 JSW, 2007 WL 39317, *1, 2007 U.S. Dist. LEXIS
7 3092, *3 (N.D. Cal. Jan. 04, 2007), though the opinion provided little analysis as to how the court
8 reached its conclusion.  Thus, considering the parties' arguments, the applicable law, and the
9 practice in the California districts, the Court finds AT&T has made a strong showing it would suffer
10 irreparable harm absent a stay.

11 **III.   A stay would not substantially injure other parties.**

12 Turning to the third *Hilton* factor, AT&T argued the Stieners' possible damages were about
13 $115, each, and thus a stay posed no harm to them.  Mot. at 7:22-26.  It also argued any harm to any
14 potential class members would also be individually small, speculative to consider, and could be
15 ultimately addressed were the Stieners to prevail on the merits.  *Id.* at 8 n.3  The Stieners did not
16 address this issue.  The Court thus finds this factor strongly favors granting a stay.

17 **IV.   The public interest strongly favors a stay.**

18 Turning to the fourth *Hilton* factor, AT&T argued there was a strong public policy favoring
19 arbitration, as evidenced by 9 U.S.C. § 16, which provides for interlocutory appeals when a motion
20 to compel arbitration is denied, but not when one is granted.  Mot. at 2:27-4:1.  AT&T also argued
21 this policy reflected the benefits arbitration provided, including saving time and money.  *Id.* at 3:7-
22 10 (citing 15B Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3914.17 (2d ed. 1992)).

---

[13]   No LEXIS citation is available.

[14]   Westlaw indicates a filing date of August 17, while LEXIS indicates a date of August 15.

[15]   In addition, although outside of California, the court in *Lowden v. T-Mobile USA, Inc.*, No. C 05-1482P, 2006 WL 1896678, *2 [no LEXIS cite available] (W.D. Wash. Jul. 10, 2006), also granted a stay, pending appeal.  As discussed in the Court's prior Order, in *Lowden*, the Ninth Circuit voided one of AT&T's class arbitration waivers.  *See* Docket No. 59 at 8 n.7; *Steiner*, 2008 WL 691720 at *5 n.7.

Further, AT&T noted a stay would avoid the parties and the Court wasting taxpayer resources on a litigation which might be mooted on appeal. *Id.* at 8:10-16 (citing *C.B.S.*, 716 F.Supp. at 310 (a court should not waste its resources on matters which did not belong before it in the first place)). The Stieners did not address this factor.[16] On the reasons presented by AT&T, the Court finds this factor strongly favors granting a stay.

## CONCLUSION

Accordingly, the Court GRANTS defendant AT&T Mobility, LLC's Motion to Stay Proceedings Pending Appeal [Docket No. 63]. All matters calendared in this action are VACATED. Defendant AT&T Mobility, LLC shall notify the Court in writing, within ten days of any disposition of its appeal by the Ninth Circuit.

IT IS SO ORDERED.

April 28, 2008                                    _____
                                                  Saundra Brown Armstrong
                                                  United States District Judge

---

[16] The Stieners did argue the Court should not stay this matter, as this would only stay it regarding AT&T, but not regarding Apple, leading to "a chaotic state of affairs ...." Opp'n at 6:14-16. The Stieners did not indicate where in AT&T's motion it only requested a stay for the portions of this matter directed at itself, as opposed to the matter as a whole. As such, the stay granted operates to stay the *entire* matter.